JANET I. SWERDLOW (State Bar No. 155396)
    E-Mail: jswerdlow@swerdlowlaw.com
**SWERDLOW FLORENCE**
  **SANCHEZ SWERDLOW & WIMMER**
A Law Corporation
9401 Wilshire Blvd., Suite 828
Beverly Hills, California 90212
Telephone: (310) 288-3980

Attorneys for Defendant
Warner Bros. Theatrical Enterprises, LLC
and Warner Bros. Entertainment Inc.



FILED
CLERK, U.S. DISTRICT COURT

JUL - 2 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER
9401 WILSHIRE BLVD., SUITE 828
BEVERLY HILLS, CALIFORNIA 90212
TEL (310) 288-3980 • FAX (310) 273-8680

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

CV13-  4793 GW (Ex)

| | |
|---|---|
| JASON ROSENBERG, | **CASE NO.** |
| Plaintiff, | **NOTICE OF REMOVAL** |
| vs. | (28 U.S.C. §§ 1331, 1441 (a)(b) and (c)) (Los Angeles County Superior Court Case No. EC060718) |
| WARNER BROS ENTERTAINMENT, INC., a Delaware corporation, WARNER BROS. THEATRICAL ENTERPRISES, a Delaware limited liability company; and DOES 1 through 25, | **[Filed concurrently with the Supporting Declarations and Certificate of Interested Parties]** |
| Defendants. | |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant Warner Bros. Theatrical Enterprises

LLC ("Defendant" or "WBTE"), hereby invokes this Court's jurisdiction for

removal of the above-referenced action from the Superior Court in the State of

California for the County of Los Angeles to the United States District Court for the

Central District of California. This removal is based on 28 U.S.C. §§ 1331, 1367(a),

1441 and 1446 and, specifically, on the following grounds:

261549.4 / 3532-012

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER
9401 WILSHIRE BLVD., SUITE 828
BEVERLY HILLS, CALIFORNIA 90212
TEL (310) 288-3980 • FAX (310) 273-8680

## I.  STATEMENT OF JURISDICTION

1.     This action is a civil action over which this Court has original jurisdiction based on the existence of a federal question because Plaintiff's claims substantially depend upon the interpretation of a collective bargaining agreement and are preempted under Section 301 of the Labor Management Relations Act ("LMRA").  See 28 U.S.C. § 1331; 29 U.S.C. § 185(a).

## II.  VENUE

2.     The action was filed in Superior Court of California for the County of Los Angeles.  Thus, venue properly lies in the United States District Court for the Central District of California.  See 28 U.S.C. §§ 84(c), 1391(a), 1441(a).

## III.  PLEADINGS, PROCESS AND ORDERS

3.     This lawsuit arises out of Plaintiff Jason Rosenberg's ("Plaintiff's") employment with WBTE.  On May 15, 2013, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Los Angeles, entitled "JASON ROSENBERG v. WARNER BROS. ENTERTAINMENT, INC., a Delaware corporation, WARNER BROS. THEATRICAL ENTERPRISES, a Delaware limited liability company; and DOES 1 through 25, Case No. EC060718" (the "Complaint").

4.     The Complaint sets forth four (4) alleged claims for relief:  (1) Failure to Accommodate [California Fair Employment and Housing Act ("FEHA")]; (2) Retaliatory Termination [FEHA] and Failure to Take Corrective Action; (3) Wrongful Termination in Violation of Public Policy; and (4) Intentional Infliction of Emotional Distress.

5.     Plaintiff served a copy of the Summons and Complaint on WBTE on June 3, 2013.  A true and correct copy of the Summons and Complaint served on WBTE is attached to this Notice as Exhibit 1.  Plaintiff served a copy of the Summons and Complaint on Warner Bros. Entertainment Inc. ("WBEI") on or about

1    June 3, 2013.  A true and correct copy of the Summons and Complaint served on

2    WBEI is attached to this Notice as Exhibit 2.

3         6.    Defendants WBTE and WBEI each filed an answer to the Complaint on

4    June 27, 2013, true and correct copies of which are attached hereto as Exhibits 3 and

5    4, respectively.

6         7.    As of the date of this Removal, no other defendants have been named

7    or served with a copy of the Complaint.

8         8.    To WBTE's knowledge, no further process, pleadings, or orders related

9    to this case have been filed in Los Angeles County Superior Court.

10   **IV.    TIMELINESS OF REMOVAL**

11        9.    This Notice of Removal is timely, in that 28 U.S.C. § 1446(b) requires

12   that a notice of removal in a civil action must be filed within thirty (30) days after

13   service of the summons and complaint.  28 U.S.C. § 1446(b); see also Murphy

14   Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354, 119 S. Ct. 1322, 143

15   L. Ed. 2d 448 (1999) (holding that the 30-day removal period begins to run upon

16   service of the summons and complaint).  Given the service date of June 3, 2013, this

17   Notice of Removal is timely.

18   **V.    FEDERAL QUESTION JURISDICTION**

19        10.   This Court has jurisdiction over this matter because it presents a federal

20   question, pursuant to 28 U.S.C. § 1331, in that Plaintiff's alleged claims

21   substantially depend upon the interpretation of a collective bargaining agreement

22   and are therefore preempted under Section 301 of the LMRA.  See 28 U.S.C.

23   § 1331, 29 U.S.C. § 185(a).

24        11.   The United States Supreme Court has made clear that, where the

25   resolution of state-law claims would require the interpretation of a collective

26   bargaining agreement, those claims are preempted by Section 301 of the LMRA,

27   29 U.S.C. § 185 et seq.  See Lingle v. Norge Division of Magic Chef, 486 U.S. 399,

28   405-06, 108 S. Ct. 1877, 100 L. Ed. 2d 410, 418-19 (1988) ("[I]f the resolution of a

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER
9401 WILSHIRE BLVD., SUITE 828
BEVERLY HILLS, CALIFORNIA 90212
TEL (310) 288-3980 • FAX (310) 273-8680

1   state-law claim depends upon the meaning of a collective-bargaining agreement, the

2   application of state law ... is pre-empted[,] and federal labor-law principles –

3   necessarily uniform throughout the Nation – must be employed to resolve the

4   dispute."). To be sure, "[t]he preemptive force of Section 301 is so powerful as to

5   displace entirely any state claim based on a collective bargaining agreement and *any*

6   *state claim whose outcome depends on analysis of the terms of the agreement*."

7   Young v. Anthony's Fish Grottos, Inc., 803 F.2d 993, 999 (9th Cir. 1987) (emphasis

8   added). Accordingly, preemption exists where interpretation is required to evaluate

9   the employer's *defense* to a state-law claim of action. Audette v. Int'l

10  Longshoremen's and Warehousemen's Union, Local 24, 195 F.3d 1107, 1113 (9th

11  Cir. 1999) (civil rights claims preempted where interpretation of agreement required

12  in evaluating employer's defense that it had a legitimate, non-retaliatory business

13  reason for its action).

### A.   Plaintiff's Employment Was Governed By A Collective Bargaining Agreement At All Times Relevant To His Alleged Claims.

16      12.   This action is a civil action over which this Court has original

17  jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court

18  pursuant to the provisions of 28 U.S.C. § 1441(a). This is because Plaintiff's

19  alleged claims require interpretation of a collective bargaining agreement ("CBA")

20  between an employer and a union and of the practices of the Company in applying

21  the terms of that agreement. See, e.g., Steelworkers v. Warrior & Gulf Navigation

22  Co., 363 U.S. 574, 581-82 (1960) ("The labor arbitrator's source of law is not

23  confined to the express provisions of the contract as the industrial common law – the

24  practices of the industry and the shop – is equally part of the collective bargaining

25  agreement, although not expressed in it."). Therefore, the action is entirely

26  preempted by Section 301 of the LMRA, 29 U.S.C. § 185.

27      13.   At all relevant times, Defendant WBTE has been, and is, a company

28  engaged in commerce and in an industry affecting commerce within the meaning of

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER
9401 WILSHIRE BLVD., SUITE 828
BEVERLY HILLS, CALIFORNIA 90212
TEL (310) 288-3980 • FAX (310) 273-8680

1   Sections 2(2), 2(6), and 2(7) of the National Labor Relations Act ("NLRA") and

2   section 301(a) of the LMRA, 29 U.S.C. §§ 152(2), (6), (7) and 185(a).  (Declaration

3   of Ruby Little in Support of Removal, filed concurrently herewith ("Little Decl.")

4   ¶¶ 1, 2, 5.)

5        14.    Plaintiff was hired by WBTE to work as a print operator in or around

6   December 2005.  (Declaration of Ron Bailey in Support of Removal (Bailey Decl.")

7   ¶¶ 1-3 and offer letter attached thereto as Exhibit 1, Bates Nos. 3-4.)  Plaintiff's

8   offer letter expressly provided, "[T]he terms and conditions of your employment

9   will be governed by the collective bargaining agreement between the Company and

10  the OPEIU, Local #174."  (Id.)  When Plaintiff was promoted to the position of Data

11  Center Coordinator in November 2010, his offer letter reiterated, "[F]ollowing this

12  promotion, the terms and conditions of your employment will continue to be

13  governed by the collective bargaining agreement between the Company and the

14  OPEIU, Local #174."  (Bailey Decl. ¶¶ 1-3 and offer letter attached thereto as

15  Exhibit 2, Bates No. 5.)  At all times during his employment with WBTE, Plaintiff

16  was a member of a bargaining unit represented by the Office and Professional

17  Employees International Union Local 174 ("the Union").  (Bailey Decl. ¶¶ 1-3;

18  Little Decl. ¶¶ 1, 2 & 4.)  In fact, Plaintiff's Complaint acknowledges his Union

19  membership in alleging he submitted complaints "to his employee Union, which

20  advocated on his behalf."  (Complaint ¶ 12.)

21       15.    The Union is a labor organization in which certain employees of

22  WBTE participate and which exists for the purpose of dealing with employees

23  concerning grievances, labor disputes, wages, rates of pay, hours of employment,

24  and conditions of work.  (Little Decl. ¶¶ 1-3 & 6)

25       16.    The terms and conditions of Plaintiff's employment with WBTE have

26  been governed by collective bargaining agreements ("CBAs") entered into by and

27  between the Union and WBTE.  (Little Decl. ¶¶ 1-4.)  A true and correct copy of the

28  most recent CBA that governed Plaintiff's employment at all times relevant to this

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER
9401 WILSHIRE BLVD., SUITE 828
BEVERLY HILLS, CALIFORNIA 90212
TEL (310) 288-3980 • FAX (310) 273-8680

1  action is attached to the Declaration of Ruby Little, as Exhibit 1.  The CBA contains

2  provisions regarding "management rights," "job substitutions," "filling vacancies,"

3  "seniority," and "non-discrimination," among numerous other provisions as to the

4  terms and conditions of employment.  (Id. ¶¶ 1-3.)  In addition to the express

5  provisions of the CBA, the terms and conditions of Union members' employment

6  with WBTE are also governed by the Company's practices in applying the terms of

7  conditions of the Agreement, including but not limited to those provisions regarding

8  seniority and filling of vacancies.  (Bailey Decl. ¶¶1-3; Little Decl. ¶¶ 1, 2 & 7; see

9  Steelworkers, 363 U.S. at 581-82 (recognizing that Company practices become part

10  of the agreement between the parties).)  Union-represented employees, such as

11  Plaintiff, are subject to Warner Bros. Entertainment Group of Companies'

12  "Standards of Business Conduct" ("SBC").  (Bailey Decl. ¶¶ 1-3 and copy of

13  "Standards of Business Conduct" attached thereto as Exhibit 3 (noting at page 5

14  (Bates No. 14), "As employees, we are responsible for understanding and following

15  the principles of SBC, and for following all laws, regulations and, consistent with

16  collective bargaining agreement, Company policies that apply to our jobs.").)  Per

17  the doctrine articulated in Steelworkers, supra, the SBC – as WBTE has

18  incorporated it into its policies and practices – pertains to Union-represented

19  employees of WBTE and therefore constitutes an implicit part of the CBA between

20  WBTE and the Union.

21  **B.**   **Plaintiff's Claims Are Preempted By The LMRA Because They Require**

22  **Interpretation Of The Collective Bargaining Agreement.**

23       17.   It is well-settled that Section 301 of the LMRA "preempts all state-law

24  causes of action that require interpretation of a labor contract's terms."  Hayden v.

25  Reickerd, 957 F.2d 1506, 1508-09 (9th Cir. 1991) (quoting Miller v. AT&T

26  Network Sys., 850 F.2d 543, 545 (9th Cir. 1988)).  To be sure, "[e]ven suits based

27  on torts, rather than on breach of collective bargaining agreements, are governed by

28  federal law if their evaluation is 'inextricably intertwined with consideration of the

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER
9401 WILSHIRE BLVD., SUITE 828
BEVERLY HILLS, CALIFORNIA 90212
TEL (310) 288-3980 • FAX (310) 273-8680

terms of [a] labor contract.'" <u>Cook v. Lindsay Olive Growers</u>, 911 F.2d 233, 237 (9th Cir. 1990) (citing <u>Miller v. AT& T Network Sys.</u>, 850 F.2d 543, 545 (9th Cir. 1988)).

18.    Here, Plaintiff's state-law claims – including those under the Fair Employment and Housing Act ("FEHA") – are preempted because the resolution of those purported claims "requires the interpretation of a collective-bargaining agreement." <u>Gulden v. Crown Zellerbach Corp.</u>, 890 F.2d 195, 198 (9th Cir. 1989) (quoting <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 394, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)); <u>see also</u> <u>Cook v. Lindsay Olive Growers</u>, 911 F.2d 233, 237 (9th Cir. 1990) ("Federal law exclusively governs ... any state claim whose outcome depends on analysis of the terms of the [collective bargaining] agreement.").[1]

19.    Plaintiff's first cause of action for alleged failure to accommodate a disability in violation of the FEHA is preempted by section 301 because its resolution substantially depends upon the interpretation of the CBA's express and implied terms. <u>See, e.g.</u>, <u>Audette</u>, 195 F.3d at 1113; <u>Bachilla v. Pac. Bell Tel. Co.</u>, 2007 U.S. Dist. LEXIS 71232 (E.D. Cal. Sept. 25, 2007) (finding female plaintiffs'

---

[1] Notably, the fact that Plaintiff's Complaint does not reference the applicable collective bargaining agreement does not and cannot preclude removal. <u>See</u> <u>Cook</u>, 911 F.2d at 237 ("For preemption analysis, it is not dispositive that [plaintiff's] first amended complaint is framed without reference to the CBA."). Rather, the Ninth Circuit has explained that "preemption is required if [Plaintiff's] claims can be resolved only by referring to the terms of the agreement." <u>Id.</u> (citing <u>Newberry v. Pacific Racing Ass'n</u>, 854 F.2d 1142, 1146 (9th Cir. 1988)). Indeed, Plaintiff must not be permitted to "artfully plead" his alleged claims "to conceal the true nature of the complaint." <u>Schroeder v. Trans World Airlines, Inc.</u>, 702 F.2d 189, 191 (9th Cir. 1983), overruled on other grounds by <u>Moore-Thomas v. Alaska Airlines, Inc.</u>, 553 F.3d 1241, 1246 (9th Cir. 2009). Instead, the Court properly looks beyond the face of the Complaint, including to facts contained within the Notice of Removal, to determine whether the claims actually require interpretation of a collective bargaining agreement, but have been "artfully pleaded" to avoid federal jurisdiction. <u>See</u> <u>Lippitt v. Raymond James Fin. Servs., Inc.</u>, 340 F.3d 1033, 1041 (9th Cir. 2003).

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER
9401 WILSHIRE BLVD., SUITE 828
BEVERLY HILLS, CALIFORNIA 90212
TEL (310) 288-3980 • FAX (310) 273-8680

FEHA claims "inextricably intertwined" with the CBA and preempted because the actions plaintiffs complained of – promotions given to less senior males in alleged violation of seniority – were governed by the CBA); <u>McGowen v. Nestle Food Co.</u>, 2007 U.S. Dist. LEXIS 50926, at *1 (E.D. Cal. Jan. 19, 2007) (disability discrimination claim preempted where elimination of position and reassignment of tasks purportedly required pursuant to CBA).  Specifically, Plaintiff's failure-to-accommodate claim rests on his assertion that the Company's failure to re-assign him to a different shift than that into which he was hired violated the FEHA's requirement to reasonably accommodate qualified individuals with a disability. (Complaint at ¶¶ 13-22 and 29-37.)

20.     Assessing the merits of Plaintiff's first cause of action  will inevitably require examination of the Company's policies and practices of assigning shifts to see if either the desired transfer was within those policies and practices and, if not, if a change to those policies and practices would have been a "reasonable" accommodation required by the FEHA.  <u>See</u> <u>Ross v. Ragingwire Telecommunications, Inc.</u>, 42 Cal. 4th 920, 938 (2008) (opinion of Justice Kennard, concurring and dissenting) ("[U]nder the FEHA, determining whether an employee-proposed accommodation is reasonable requires consideration of its benefits to the employee . . . , the burdens it would impose on the employer and other employees, and the availability of suitable and effective alternative forms of accommodation."); <u>U.S. Airways v. Barnett</u>, 535 U.S. 391, 394 (2002) (holding that under the Americans with Disabilities Act, a showing that a requested accommodation conflicts with the rules of a seniority system, collectively bargained or otherwise, will ordinarily establish the accommodation is not a "reasonable" one).  In this case, because examination of the policies and practices that form the "baseline" against which the requested accommodation is to be judged can be derived only through interpretation of the CBA's provisions regarding filling vacancies, seniority, etc. (as

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER
9401 WILSHIRE BLVD., SUITE 828
BEVERLY HILLS, CALIFORNIA 90212
TEL (310) 288-3980 • FAX (310) 273-8680

1  well as the Company's established practices in implementing those provisions), the

2  claim is preempted.

3      21.    Likewise, Plaintiff's second cause of action for retaliatory termination

4  and "failure to take corrective action" in violation of the FEHA is preempted.

5  Plaintiff in this cause of action alleges that his termination constitutes retaliation for

6  having purportedly complained to management regarding alleged anti-Semitic

7  insults and/or for having requested accommodation of a purported medical

8  disability.  (Complaint ¶¶ 38-46.)  The Company contends that, to the contrary,

9  Plaintiff was terminated because he violated WBTE policies and the SBC by

10  engaging in an ongoing pattern of misconduct, failing to fully and truthfully

11  cooperate in Company investigations, and failing to comply with the terms of an

12  earlier final written warning Plaintiff received for similar misconduct.  These

13  policies and practices thereunder, under <u>Steelworkers</u>, constitute part of the CBA.

14  In this regard, the Eastern District of California's decision in <u>Bachilla</u> is instructive.

15  <u>Bachilla</u>, 2007 U.S. Dist. LEXIS 71232.  There, the plaintiff asserted a claim of sex

16  discrimination under FEHA, based on her employer's promotion of less senior male

17  co-workers, which she contended was in violation of company policy to promote

18  based on seniority.  <u>Id</u>. at *23.  The court explained that resolution of this claim was

19  substantially dependent on an analysis of the CBA because the terms of plaintiff's

20  employment, including eligibility for promotions, were governed by the CBA.  <u>Id</u>. at

21  *26.  *The court further noted that, because the employer would undoubtedly rely*

22  *upon its compliance with the procedures set forth in the applicable CBA, the*

23  *ultimate resolution of the plaintiff's discrimination claim would turn on defendant's*

24  *offer of legitimate non-discriminatory reasons – which would necessarily require*

25  *interpretation of the CBA.*  <u>Id</u>.  Accordingly, the court found that jurisdiction existed

26  based upon federal preemption under Section 301.  The same result should ensue

27  here.  Determining whether, and to what extent, WBTE's adherence to the

28  applicable CBA was actually non-discriminatory and non-retaliatory (or was

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER
9401 WILSHIRE BLVD., SUITE 828
BEVERLY HILLS, CALIFORNIA 90212
TEL (310) 288-3980 • FAX (310) 273-8680

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER
9401 WILSHIRE BLVD., SUITE 828
BEVERLY HILLS, CALIFORNIA 90212
TEL (310) 288-3980 • FAX (310) 273-8680

1   pretextual, as Plaintiff is likely to contend) will necessarily require interpretation of

2   the CBA and the practices thereunder, such that resolution of Plaintiff's alleged

3   FEHA retaliation claim is "inextricably intertwined" with an interpretation of the

4   CBA between WBTE and the Union.[2]

5       22.     Finally, Plaintiff's claims for wrongful termination in violation of

6   public policy and intentional infliction of emotional distress are preempted by

7   section 301.  These claims are premised on the same purported actions that form the

8   basis for his FEHA "failure to accommodate" and retaliatory discharge claims.[3]

9   (Complaint ¶ 47-55.)  Because resolution of these claims will require interpretation

10  of the same CBA provisions as the FEHA claims will require (as explained above),

11  these claims are also preempted by Section 301.  See Newberry v. Pacific Racing

12  Ass'n, 854 F.2d 1142, 1147 (9th Cir. 1988) (holding that claims for intentional

13  infliction of emotional distress and breach of implied covenant of good faith were

14  incidental to wrongful discharge claim, and that whether discharge was "wrongful"

15  depended on whether the collective bargaining agreement provided ground for

16  discharge).

17

18  _____

19      [2]  While it is less than ideally clear what Plaintiff means to allege in the
    "failure to take corrective action" aspect of this second cause of action (Complaint

20  ¶ 44), the preemption of the wrongful-termination aspect of this single cause of
    action makes the issue irrelevant for present purposes.

21
        [3]  In pleading the wrongful termination claim, Plaintiff's Complaint makes

22  reference to Labor Code section 132a (which prohibits discrimination against an

23  employee because he or she has suffered a workplace injury or made a workers'

24  compensation claim).  (Complaint ¶ 48.)  Given the absence of related allegations
    elsewhere in the Complaint, it is unclear if this was included by mistake or is truly

25  intended to be pleaded in this matter.  In any event, this issue is irrelevant for the
    preemption analysis, as whatever the purported illegal motivation(s) advanced by

26  Plaintiff, the Company's defense as to its legitimate, non-discriminatory motives

27  (examination of which will require interpretation of the CBA and incorporated
    practices) is the same.

28

261549.4 / 3532-012

23.   <u>Supplemental Jurisdiction</u>.  While WBTE maintains that all of Plaintiff's claims are preempted by Section 301, as set forth above, to the extent the Court concludes otherwise, any claims that may not be completely preempted are nevertheless removable under 28 U.S.C. § 1441(c).  This is because the Court properly exercises supplemental jurisdiction over any such claims under 28 U.S.C. § 1367; <u>see also</u> <u>Executive Software N. Am., Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.</u>, 24 F.3d 1545, 1552-61 (9th Cir. 1993); <u>Young v. Anthony's Fish Grottos, Inc.</u>, 803 F.2d 993, 999 (9th Cir. 1987).

**VI.   ALL DEFENDANTS PROPERLY SERVED WITH PLAINTIFF'S COMPLAINT HAVE JOINED IN THIS PETITION FOR REMOVAL.**

24.   Under 28 U.S.C. § 1446, a Notice of Removal of an action to the United States District Court must be filed by the "defendant or the defendants" within 30 days after receipt of the Complaint.  Ordinarily, such removal is permissible only if all defendants who are named in the state action "join" in the petition.  <u>Chicago, Rock Island & Pacific Ry. Co. v. Martin</u>, 178 U.S. 245, 248, 20 S. Ct. 854, 855, 44 L. Ed. 1055, 1056 (1900); 1A J. Moore, <u>Moore's Federal Practice</u> 0.168 [3.-2], at 547-48 (2d ed. 1993) ("Defendants, then, are to be treated collectively; and as a general rule, all defendants, who may properly join in the removal petition must join.").  Pursuant to 28 U.S.C. § 1446(b), the consent of non-petitioning defendants to the removal "must be manifested within the thirty day period beginning from the date upon which the non-petitioning defendant is served with the complaint."  <u>Hernandez v. Six Flags Magic Mountain, Inc.</u>, 688 F. Supp. 560 (C.D. Cal. 1988).  The non-petitioning defendant (WBEI's) consent within the

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER
9401 WILSHIRE BLVD., SUITE 828
BEVERLY HILLS, CALIFORNIA 90212
TEL (310) 288-3980 • FAX (310) 273-8680

1    statutory period is evidenced by its Joinder in the Notice of Removal filed

2    concurrently with this Notice.[4]

3          25.    "Doe" defendants need not join in the removal when it is grounded

4    upon federal question jurisdiction.  Fristoe v. Reynolds Metals Co., 615 F.2d 1209,

5    1213 (9th Cir. 1980).

6          26.    Thus, all necessary defendants have joined in the Notice of Removal,

7    and removal to this Court is proper under 28 U.S.C. §§ 1441(a) and 1446(a) and (b).

8    **VII.   NOTICE TO THE COURT AND PARTIES**

9          27.    Promptly upon filing of this Notice of Removal in the United States

10   District Court for the Central District of California, written notice of such filing will

11   be given by the undersigned to Plaintiff's counsel of record and a copy of the Notice

12   of Removal will be filed with the Clerk of the Court for the Superior Court of the

13   County of Los Angeles, California.

14

15   DATED:  July 2, 2013                    SWERDLOW FLORENCE
                                             SANCHEZ SWERDLOW & WIMMER
16

17

18                                     By: _____
                                             JANET I. SWERDLOW
19
                                           Attorneys for Defendant
20                                         Warner Bros. TheatricalEnterprises, LLC
                                           and Warner Bros. Entertainment Inc.
21

22

23

24

25

26          [4]  For the record, we note that WBTE – not WBEI – was Plaintiff's employer
     (see offer letters attached as Exhibits 1 and 2 to the Bailey Decl., at Bates Nos. 3-5);
27   ultimately, then, WBEI is not a proper defendant in this matter.

28

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER
9401 WILSHIRE BLVD., SUITE 828
BEVERLY HILLS, CALIFORNIA 90212
TEL (310) 288-3980 • FAX (310) 273-8680

# EXHIBIT "1"

# SUMMONS
## *(CITACION JUDICIAL)*

6/03/13
2:06

SUM-100

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ORIGINAL FILED

MAY 15 2013

LOS ANGELES
SUPERIOR COURT

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WARNER BROS ENTERTAINMENT, INC., a Delaware
corporation, WARNER BROS. THEATRICAL ENTERPRISES, a
Delaware limited liability company; and DOES 1 through 25

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JASON ROSENBERG

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>LOS ANGELES SUPERIOR COURT<br>300 E. Olive Ave.<br>Burbank, CA 91502 | **CASE NUMBER:** *(Número del Caso):*<br>EC 060718 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
DONALD E. KAPREL, ESQ. (SBN: 61678)ag
9777 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212          (310) 273-8444

| DATE: MAY 15 2013 | Clerk, by | | , Deputy |
|---|---|---|---|
| *(Fecha)* | JOHN A. CLARKE, CLERK | E. MUNOZ | *(Adjunto)* |
| | *(Secretario)* | | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]



**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

EXHIBIT "1"
Page 1 of 23

*Case assigned to North Central Glendale, 600 E. Broadway, Glendale, CA, for all further proceedings.*

1    DONALD E. KARPEL, ESQ., SBN 61678
     ZELNER & KARPEL
2    9777 Wilshire Boulevard, Suite 1000
     Los Angeles, CA 90212
3    Telephone (310) 273-8444
     Facsimile (310) 273-6937
4
5    Attorneys for Plaintiff,
     JASON ROSENBERG
6

ORIGINAL FILED

MAY 15 2013

LOS ANGELES
SUPERIOR COURT

Case assigned to North Central Glendale, 600
E. Broadway, Glendale, CA, for all further
proceedings.

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                FOR THE COUNTY OF LOS ANGELES        EC 060718

10   JASON ROSENBERG,                  [UNLIMITED CIVIL CASE]

11              Plaintiff,             COMPLAINT FOR DAMAGES

12

13        v.                          1.  FAILURE TO ACCOMMODATE
                                          [CALIFORNIA FAIR
14   WARNER BROS ENTERTAINMENT,            EMPLOYMENT AND HOUSING
     INC., a Delaware corporation, WARNER  ACT ("FEHA")]
15   BROS. THEATRICAL ENTERPRISES, a   2.  RETALIATORY TERMINATION
     Delaware limited liability company; and  [FEHA] AND FAILURE TO TAKE
16   DOES 1 through 25,                   CORRECTIVE ACTION;
                                      3.  WRONGFUL TERMINATION IN
17              Defendants.                VIOLATION OF PUBLIC POLICY;
                                      4.  INTENTIONAL INFLICATION OF
18                                        EMOTIONAL DISTRESS.

19

20                                    JURY TRIAL DEMANDED

21

22        Plaintiff JASON ROSENBERG ("ROSENBERG") alleges as follows:

23                        THE PARTIES

24

25        1.    At all times mentioned in this complaint, plaintiff JASON ROSENBERG

26   ("ROSENBERG") was and is an individual residing and working in the County of Los Angeles,

27   California.

28

1

COMPLAINT FOR DAMAGES

EXHIBIT "1"
Page 2 of 23

2.     At all times mentioned in this complaint, defendant WARNER BROS.

ENTERTAINMENT, INC. ("WARNER BROS. ENTERTAINMENT"), was and is a

corporation organized and existing under the laws of the State of Delaware, authorized to do

business in the State of California, with its principal place of business in Los Angeles County, at

4000 Warner Blvd., Burbank, California 91522.

3.     At all times mentioned in this complaint, defendant WARNER BROS.

THEATRICAL ENTERPRISES ("WARNER BROS. THEATRICAL"), was and is a limited

liability company organized and existing under the laws of the State of Delaware, authorized to

do business in the State of California, with its principal place of business in Los Angeles County,

at 4000 Warner Blvd., Burbank, California 91522, and is a subsidiary of defendant WARNER

BROS.

4.     Defendants WARNER BROS. THEATRICAL and WARNER BROS.

ENTERTAINMENT shall hereinafter, collectively, be referred to as "WARNER BROS."

5.     ROSENBERG is informed and believes, and thereon alleges that Defendants

DOES 1-25 were at all times relevant hereto employees, officers, agents, owners, subsidiaries,

managers, shareholders, partners, members and/or related entities to the other defendants named

herein.  ROSENBERG is ignorant of the true names and capacities of defendants sued herein as

DOES 1-25, inclusive, and  therefore sues these defendants by such fictitious names.

ROSENBERG will pray leave of this Court to amend this complaint to allege the true names and

capacities when ascertained.  ROSENBERG is informed and believes and thereon alleges that

each of the fictitiously named defendants is responsible in some manner for the occurrences

herein alleged, and that ROSENBERG's damages as herein alleged were proximately caused by

their conduct.

6.     ROSENBERG is informed and believes, and thereon alleges, that each of the defendants herein was, at all times relevant to this action the managing agent, officer, agent and/or employee, and or the owner, subsidiary, managers, shareholder, partners, member, joint venturer, alter ego and/or otherwise related entity as to the other defendants named herein, and was at all times relevant hereto acting partly within and partly without the course and scope of that relationship.  ROSENBERG is further informed and believes, and thereon alleges, that each of the defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining defendants.

## FACTUAL ALLEGATIONS

7.     In or about December 12, 2005, ROSENBERG took a job working for WARNER BROS. in its "Data Center."  ROSENBERG worked the "graveyard" shift. At all times herein mentioned, ROSENBERG performed his duties and obligations as a WARNER BROS. employee.

8.     ROSENBERG is a member of a legally protected class; specifically he is Jewish.

9.     At all times herein mentioned, Defendant WARNER BROS. regularly employed five or more persons, bringing defendant employer within the provisions of *Gov. Code* §12900 *et seq.* prohibiting employers or their agents from discriminating or retaliating against employees on the basis of religion.

The Anti-Semitic Comments

10.     Throughout ROSENBERG's employment with WARNER BROS. he was subjected to anti-Semitic comments and insults.

11.     ROSENBERG went to his superiors, including manager Hector Vasquez to complain about the anti-Semitic insults, but his superiors took no remedial action and the insults continued. ROSENBERG was the only Jewish person in his department.

3

COMPLAINT FOR DAMAGES

12.    ROSENBERG also submitted complaints of these anti-Semitic insults to his employee Union, which advocated on his behalf.

The Failure to Accommodate

13.    After approximately 5 years of working the graveyard shift, ROSENBERG developed several physical symptoms for which he sought medical help. Those symptoms included high blood pressure, chest pains, headaches and difficulty sleeping. ROSENBERG's doctor told him that working the graveyard shift was causing these adverse medical symptoms and recommended that ROSENBERG seek a change in his work schedule.  On information and belief, ROSENBERG's medical symptoms constituted a physical disability under Government Code Sec 12926(l)(1), which limited his ability to participate in a major life activity, to wit, work.

14.    On or about April 1, 2011, ROSENBERG's shift was changed, although not in accordance with what he had requested.  Specifically, ROSENBERG had asked to be moved *permanently* to the day-shift (which also should have been allowed to him based on his seniority).  What ROSENBERG got, instead, was a "cross-training" rotation which was to be 4 months on day-shift, 4 months on swing-shift, and then 4 months on graveyard-shift. Nonetheless, at least while ROSENBERG was on the day-shift, his health did begin to improve.

15.    In June of 2011, ROSENBERG brought in paperwork from his primary health care provider, Dr. Selvyn Bleifer, instructing WARNER BROS. that ROSENBERG should have remained permanently on the day-shift, and that doing so was important for ROSENBERG's physical and general well being.

16.    On or about June 27, 2011 WARNER BROS.'s Jeanette Avedissian, Manager of Benefits, responded with a letter asking questions of Dr. Bleifer concerning ROSENBERG's

4

medical condition.

17.    On or about July 12, 2011, Dr Bleifer filled out a first set of forms, which were turned back in to Avedissian.

18.    On or about July 21, 2011, ROSENBERG received a second letter from Avedissian confirming that she had received the requested information (first form), but stating that WARNER BROS. still needed some additional verifications.

19.    Therefore, on or about August 2, 2011 Dr. Bleifer filled out a second set of forms, which ROSENBERG in turn passed on to Avedissian.  The latter then called to let ROSENBERG know that she would update him once WARNER BROS. made a determination as to any accommodation for ROSENBERG.

20.    On or about September 26, 2011, without ever having heard back from WARNER BROS. concerning the requested accommodation, ROSENBERG received a Shift Schedule Change letter stating that the recently-implemented shift rotation system was being cancelled, and that all of the workers in the Data Control Center (including ROSENBERG) were going to return to their last shift schedule prior to the rotation.  This meant that ROSENBERG was going to be moved back to the graveyard-shift (10pm to 7 am) beginning on October 23, 2011.

21.    On or about October 23, 2011, ROSENBERG was moved back to the graveyard shift, without any explanation from WARNER BROS. as to why he was denied the workplace accommodation.

22.    After a few months of the new shift-rotation schedule, ROSENBERG's superiors not only failed to put ROSENBERG permanently on a day-shift schedule (per his and his doctor's specific written requests), but they also rescinded the rotation-shift schedule change completely, and returned ROSENBERG to the graveyard shift.

**EXHIBIT "1"**
**Page 6 of 23**

The "Investigation" and Retaliatory Termination

23.     In January of 2012, ROSENBERG told the Employee Relations Department at WARNER BROS. that he felt he was being singled out for bad treatment by his co-workers due to the fact that he was the only Jewish person in his department, and told them about the anti-Semitic insults he had experienced. The Employee   Relations Department investigated ROSENBERG's claim.

24.     On or about February 23, 2012, ROSENBERG was called into a meeting regarding the results of the Employee Relations Department's investigation. During the meeting, ROSENBERG was told that no action was going to be taken on his complaints. Instead, ROSENBERG was informed by the head of Human Resources, Ron Bailey, that he was being terminated from WARNER BROS. for the vague, disingenuous and wholly unfounded reason of "disruption in the workplace."   ROSENBERG was escorted off the studio lot, without ever (even to this day) receiving any paperwork concerning his termination.

25.     ROSENBERG had never been reprimanded.  He worked well with everybody in his department (even during those times when he kept silent on his feelings about the anti-Semitic remarks leveled at him, or made in his presence).  In fact, ROSENBERG was promoted in November of 2010.  It was only when ROSENBERG pressed the issue of moving to the day-shift (based on medical need) that he became perceived, suddenly, as a "problem employee" (despite that ROSENBERG's seniority should have given him even more leverage to have his medical need actually accommodated).

26.     To illustrate, just under three months into ROSENBERG's new work schedule, a co-worker of his (who had been assigned to take on ROSENBERG's original graveyard shift) made false and absurd accusations of derogatory anti-gay remarks against ROSENBERG

COMPLAINT FOR DAMAGES

**EXHIBIT "1"**
**Page 7 of 23**

supposedly made *a year prior to the co-worker's complaint*. Shockingly, ROSENBERG is given a "Final Warning" -- a form of written discipline to be placed in his personnel file, <u>despite</u> the suspicious and flagrant delay marking the co-worker's complaint, <u>despite</u> the fact that ROSENBERG had been given no previous discussion, disciplinary action or other write-ups in all his years at WARNER BROS. (let alone for making inappropriate remarks or slurs), and <u>despite</u> the fact that there were no witnesses or any other corroboration of the co-worker's claims (ROSENBERG was given his "Final Warning" based solely on the co-worker's severely belated allegations).

      27.     On or about November 19, 2012, ROSENBERG filed a charge of discrimination with the California Department of Fair Employment and Housing (the "DFEH").

      28.     Also on or about November 19, 2012 (the same day as the discrimination charge was filed), ROSENBERG received a Notice of Case Closure and Right To Sue from the DFEH, allowing a civil action to be brought under the Fair Employment and Housing Act pursuant to Government Code Sec 12965(b).

### FIRST CAUSE OF ACTION

### <u>FAILURE TO ACCOMMODATE IN VIOLATION OF</u>

### <u>THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT</u>

### <u>(Government Code Section 12940, *et seq.*)</u>

### <u>(against ALL defendants)</u>

      29.     ROSENBERG incorporates herein by this reference Paragraphs 1-28 above.

      30.     ROSENBERG was at all times willing and able to perform his job duties at WARNER BROS. with a reasonable accommodation of his physical disability, to wit, being re-assigned away from the graveyeard shift. WARNER BROS. was reasonably able to accommodate said disability, notwithstanding its false assertions to the contrary and the fact that,

7

instead of doing so, it failed to accommodate ROSENBERG's disability and ultimately terminated his employment.

31.     At no time would the performance of the functions of the employment position, with a reasonable accommodation for ROSENBERG's mental disability have been a danger to ROSENBERG or any other person's health or safety, nor would it have created an undue hardship to the operation of defendants' business.

32.     Defendants obviously were aware of ROSENBERG's disability during his stint on the day-shift before deciding to capriciously rescind the accommodation.

33.     At all times mentioned herein, ROSENBERG was willing and able to perform the duties and functions of his job position, even when (and after) the accommodation of his disability was rescinded.

34.     Furthermore, defendants failed to engage in a timely, good faith interactive process with ROSENBERG to determine effective reasonable accommodations in response to ROSENBERG's repeated efforts to address the issue with his employer, per his doctor's work-related restrictions and recommendations.

35.     Defendants' actions constituted unlawful discrimination in employment on account of ROSENBERG's disability in violation of Government Code Sections 12940(a), (m) and (n).

36.     As a proximate result of defendants' actions, ROSENBERG has suffered harm including (without limitation) lost earnings and other employment benefits, humiliation, embarrassment, mental anguish, depression, anxiety, emotional distress and both physiological and mental manifestations of severe stress, and other consequential damages, all to his damage in an amount to be established at trial.

37.     Each of defendants' officers, directors and/or managing agents who were involved in and/or made aware of the acts set forth above engaged in such acts in an oppressive,

8

COMPLAINT FOR DAMAGES

**EXHIBIT "1"**
**Page 9 of 23**

fraudulent and malicious manner, and/or authorized and/or ratified such acts of oppression, fraud and malice by other WARNER BROS. employees. Defendants' conduct, therefore, warrants the assessment of punitive damages.

**SECOND CAUSE OF ACTION**

**RETALIATORY TERMINATION**

**THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

**(Government Code Section 12940, _et seq._)**

**(against ALL defendants)**

38.     ROSENBERG incorporates herein by this reference Paragraphs 1-28 above.

39.     In January of 2012, ROSENBERG told the Employee Relations Department at WARNER BROS. that he felt he was being singled out for bad treatment by his co-workers due to the fact that he was the only Jewish person in his department, and told them about the anti-Semitic insults he had experienced. The Employee Relations Department investigated ROSENBERG's claim.

40.     On or about February 23, 2012, ROSENBERG was called into a meeting regarding the results of the Employee Relations Department's investigation. During the meeting, ROSENBERG was told that no action was going to be taken on his complaints. Instead, ROSENBERG was informed by the head of Human Resources, Ron Bailey, that he was being terminated from WARNER BROS. ROSENBERG was escorted off the studio lot, without ever (even to this day) receiving any paperwork concerning his termination.

41.     ROSENBERG had never been reprimanded. He worked well with everybody in his department (even during those times when he kept silent on his feelings about the anti-Semitic remarks leveled at him, or made in his presence). In fact, ROSENBERG was promoted in November of 2010. It was only when ROSENBERG pressed the issue of moving to the day-shift (based on medical need) that he became perceived, suddenly, as a "problem employee"

9

(despite that ROSENBERG's seniority should have given him even more leverage to have his medical need actually accommodated).

42.   The only conceivable explanation (or, at best, the only likely explanation for ROSENBERG's sudden termination was that it was in direct response to ROSENBERG's complaints to management about anti-Semitism.

43.   Defendants' actions constituted unlawful retaliation in employment in violation of Government Code Sections 12940(h), wherein defendants discharged ROSENBERG because he opposed anti-Semitic harassment and discrimination in his workplace by reporting it to his employer.

44.   Moreover, Government Code Section 12940(j)(1) provides: "Harassment of an employee . . . shall be unlawful if the entity, or its agents or supervisors, *knows or should have known* of this conduct and fails to take immediate and appropriate corrective action." Apparently, WARNER BROS. decided that the "corrective action" appropriate in this instance was to get rid of ROSENBERG, rather than address the hostile environment created by WARNER BROS.' other employees.

45.   As a proximate result of defendants' actions, ROSENBERG has suffered harm including (without limitation) lost earnings and other employment benefits, humiliation, embarrassment, mental anguish, depression, anxiety, emotional distress and both physiological and mental manifestations of severe stress, and other consequential damages, all to his damage in an amount to be established at trial.

46.   Each of defendants' officers, directors and/or managing agents who were involved in and/or made aware of the acts set forth above engaged in such acts in an oppressive, fraudulent and malicious manner, and/or authorized and/or ratified such acts of oppression, fraud and malice by other WARNER BROS. employees. Defendants' conduct, therefore, warrants the assessment of punitive damages.

### THIRD CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

#### (against ALL defendants)

47.     ROSENBERG incorporates herein by this reference Paragraphs 1-46 above.

48.     The public policies of the State of California are embodied, in relevant part, in 1) California Constitution Art. 1 Sec. 4, which guarantees the free exercise and enjoyment of religion; 2) Labor Code Section 132a, which prohibits discrimination against an employee (including discharge) because the employee was injured in the course and scope of his employment; and 3) Government Code Section 12940, *et seq.*, which prohibits retaliation by an employer against an employee for asserting his rights thereunder, and for opposing religious harassment (to wit, anti-Semitism) or discrimination in the workplace by reporting it to his employer.

49.     In violation of the public policies of this State as set forth in the preceding paragraph, and in retaliation for ROSENBERG's exercise of his rights under said policies, defendants terminated ROSENBERG's employment on February 23, 2012.

50.     As a proximate result of defendants' actions, ROSENBERG has suffered harm including (without limitation) lost earnings and other employment benefits, humiliation, embarrassment, mental anguish, depression, anxiety, emotional distress and both physiological and mental manifestations of severe stress, and other consequential damages, all to his damage in an amount to be established at trial.

51.     Each of defendants' officers, directors and/or managing agents who were involved in and/or made aware of the acts set forth above engaged in such acts in an oppressive, fraudulent and malicious manner, and/or authorized and/or ratified such acts of oppression, fraud and malice by other WARNER BROS. employees.  Defendants' conduct, therefore, warrants the assessment of punitive damages.

11

## FOURTH CAUSE OF ACTION

## INTNETIONAL INFLICTION OF EMOTIONAL DISTRESS

### (against ALL defendants)

52.     ROSENBERG incorporates herein by this reference Paragraphs 1-28 above.

53.     All of the above-described conduct by the defendants, and each of them, was extreme and outrageous, and was intended to cause ROSENBERG severe emotional distress, and did in fact do so.

54.     As a proximate result, ROSENBERG has suffered embarrassment, humiliation, mental anguish, depression, anxiety, and emotional and physical distress, including but not limited to the physiological and mental manifestations of severe stress.

55.     The above-described conduct of the defendants, and each of them, was willful, malicious, oppressive, sadistic and pre-mediated, and was intended to cause injury to ROSENBERG, entitling her to an award of exemplary or punitive damages.

WHEREFORE, ROSENBERG prays for judgment against the Defendants, and each of them, as follows:

1.     For economic damages according to proof, including lost earnings and other employee benefits, past and future, and consequential economic damages proximately caused by ROSENBERG's wrongful termination from, and lack of accommodation by WARNER BROS.;

2.     For compensatory damages according to proof, including general damages proximately caused to ROSENBERG, including humiliation, embarrassment, mental anguish, depression, anxiety, emotional distress and physiological and mental manifestations of emotional distress and severe stress;

3.     For punitive and/or exemplary damages, according to law;

4.     For interest on ROSENBERG's economic damages at the prevailing legal rate, as allowed by law;

5.     For attorney fees, where allowed by statute;

12

1     6.    For costs of suit;

2     7.    For such other and further relief as the Court deems proper; and

3     8.    For trial by jury.

4

5    Dated: April 27, 2013                        ZELNER & KARPEL

6

7

8                                               Donald E. Karpel, Esq.,
                                                Attorney for Plaintiff,
9                                               JASON ROSENBERG

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

COMPLAINT FOR DAMAGES

**EXHIBIT "1"**
**Page 14 of 23**

26

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Donald E. Karpel, Esq.          SBN: 61678
LAW OFFICES OF ZELNER & KARPEL
9777 Wilshire Blvd. Suite 1000
Beverly Hills, California 90212
TELEPHONE NO.: (310) 273-8444   FAX NO.: (310) 273-6937
ATTORNEY FOR *(Name)*: Plaintiffs: JASON ROSENBERG

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 300 E. Olive Ave.
MAILING ADDRESS:
CITY AND ZIP CODE: Burbank, Calfornia 91502
BRANCH NAME: NORTH CENTRAL DISTRICT

CASE NAME: JASON ROSENBERG
WARNER BROS ENTERTAINMENT INC., ET AL.

FOR COURT USE ONLY

~~RIGINAL~~ FILED
MAY 15 2013
LOS ANGELES
SUPERIOR COURT

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: EC 060718 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder   Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT.: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: 4
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 8, 2013

DONALD E. KARPEL
(TYPE OR PRINT NAME)                              ▶          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

*Martin Dean's*
ESSENTIAL FORMS™

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**EXHIBIT "1"**
**Page 15 of 23**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ROSENBERG V. WARNER BROS INTERTAINMENT, INC., ET AL. | EC 060718 |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES   CLASS ACTION? [ ] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 4–5 [ ] HOURS/ [X] DAYS.

**Item II.** Indicate the correct district and courthouse location (4 steps - If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1., 2., 4. |
| Asbestos (04) | [ ] A6070  Asbestos Property Damage<br>[ ] A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons<br>[ ] A7240  Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250  Premises Liability (e.g., slip and fall)<br>[ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>[ ] A7270  Intentional Infliction of Emotional Distress<br>[ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Martin Dean's
ESSENTIAL FORMS™

**EXHIBIT "1"**
**Page 16 of 23**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| ROSENBERG V. WARNER BROS INTERTAINMENT, INC., ET AL. | |

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Business Tort (07) | ☐ | A6029   Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☐ | A6005   Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ | A6010   Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ | A6013   Fraud (no contract) | 1., 2., 3. |
| Professional<br>Negligence<br>(25) | ☐<br>☐ | A6017   Legal Malpractice<br>A6050   Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ | A6025   Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination<br>(36) | ☒ | A6037   Wrongful Termination | 1., 2., 3. |
| Other Employment<br>(15) | ☐<br>☐ | A6024   Other Employment Complaint Case<br>A6109   Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐<br><br>☐<br>☐<br>☐ | A6004   Breach of Rental/Lease Contract (not Unlawful Detainer or<br>              wrongful eviction)<br>A6008   Contract/Warranty Breach-Seller Plaintiff (no fraud/negligence)<br>A6019   Negligent Breach of Contract/Warranty (no fraud)<br>A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br><br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections<br>(09) | ☐<br>☐ | A6002   Collections Case-Seller Plaintiff<br>A6012   Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage<br>(18) | ☐ | A6015   Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract<br>(37) | ☐<br>☐<br>☐ | A6009   Contractual Fraud<br>A6031   Tortious Interference<br>A6027   Other Contract Dispute (not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Eminent<br>Domain/Inverse<br>Condemnation (14) | ☐ | A7300   Eminent Domain/Condemnation        Number of parcels | 2. |
| Wrongful Eviction<br>(33) | ☐ | A6023   Wrongful Eviction Case | 2., 6. |
| Other Real Property<br>(26) | ☐<br>☐<br>☐ | A6018   Mortgage Foreclosure<br>A6032   Quiet Title<br>A6060   Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer-<br>Commercial (31) | ☐ | A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-<br>Residential (32) | ☐ | A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-<br>Post-Foreclosure (34) | ☐ | A6020F  Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-<br>Drugs (38) | ☐ | A6022   Unlawful Detainer-Drugs | 2., 6. |


Martin Dean's<br>ESSENTIAL FORMS™

**EXHIBIT "1"**
**Page 17 of 23**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| ROSENBERG V. WARNER BROS INTERTAINMENT, INC., ET AL. | |

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration<br>(11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| Writ of Mandate<br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| Other Judicial Review<br>(39) | ☐ A6150   Other Writ/Judicial Review | 2., 8. |
| Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect<br>(10) | ☐ A6007   Construction Defect | 1., 2., 3. |
| Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation<br>(28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| Toxic Tort<br>Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement<br>of Judgment<br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| Partnership Corporation<br>Governance (21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**


Martin Dean's
ESSENTIAL FORMS™

SHORES V. ST. JOHN
**EXHIBIT "1"**
**Page 18 of 23**

| SHORT TITLE:<br>ROSENBERG V. WARNER BROS INTERTAINMENT, INC., ET AL. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br>[X] 1. [ ] 2. [ ] 3. [ ] 4. [X] 5. [ ] 6. [ ] 7. [ ] 8. [ ] 9. [$] 10. | ADDRESS:<br>4000 WARNER BLVD. |
|---|---|
| CITY:<br>BURBANK | STATE:<br>CA | ZIP CODE:<br>91522 |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the   SUPERIOR                courthouse in the NORTH CENTRAL      District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: May 9, 2013

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.   Original Complaint or Petition.

2.   If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.   Civil Case Cover Sheet, Judicial Council form CM-010.

4.   Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11 ).

5.   Payment in full of the filing fee, unless fees have been waived.

6.   A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.   Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

Martin Dean's
ESSENTIAL FORMS™

CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

Local Rule 2.0
Page 4 of 4

31

**EXHIBIT "1"**
**Page 19 of 23**

| | Reserved for Clerk's File Stamp |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES**<br><br>COURHOUSE ADDRESS:  GLENDALE SUPERIOR COURT<br>600 E. BROADWAY<br>GLENDALE, CA 91205 | ORIGINAL FILED<br><br>MAY 15 2013<br><br>LOS ANGELES<br>SUPERIOR COURT |

| | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER: |
|---|---|

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:  **EC 060718**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: **OCT 15 2013**    Time: 8:30 AM    **DEPT  D / E**

Pursuant to California Rules of Court, rule 212, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference.  The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.  You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 200 et seq.

Date: MAY 15 2013  _____

Judge of the Superior Court   MARY THORNTON HOUSE
SUPERVISING JUDGE

---

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the NOTICE OF CASE MANAGEMENT CONFERENCE upon each party or counsel named below:

☐  By depositing in the United States mail at the courthouse in Burbank, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☒  by personally giving the party a copy of this notice upon filing of the complaint.

| | |
|---|---|
| | |

Date:  MAY 15 2013  _____

John A. Clarke, Executive Officer/Clerk

By: _____   **E. MUNOZ**

**EXHIBIT "1"**
**Page 20 of 23**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | RESERVED FOR CLERK FILE STAMP |
|---|---|

| **NORTH CENTRAL – GLENDALE**<br>**600 EAST BROADWAY**<br>**GLENDALE, CA 91205** | | ORIGINAL FILED<br>MAY 15 2013<br>LOS ANGELES<br>SUPERIOR COURT |
|---|---|---|

# NOTICE OF ORDER TO SHOW CAUSE RE FAILURE TO COMPLY WITH TRIAL COURT DELAY REDUCTION ACT

**CASE NUMBER:**
EC 060718

**TO THE PLAINTIFF(S) AND/OR THEIR ATTORNEY(S) OF RECORD:**

Pursuant to California Rules of Court, Rule 3.110, all complaints shall be served and a proof of service thereof shall be filed within 60 days of the date the complaint is filed, unless the defendant makes an appearance within that 60 days. Plaintiff's failure to meet this deadline may result in sanctions.

**PLEASE TAKE NOTE** that this matter is set for an order to show cause why the plaintiff should not be sanctioned for failure to comply with the rules described above on:

| Date: JUL 29 2013 | Time: 8:30 am | Dept. **(D)** / **E** |
|---|---|---|
| Address: 600 EAST BROADWAY, GLENDALE, CA 91205 | | |

At such time and place, the Court may (1) impose such sanctions as are authorized by law, including dismissal for failure to prosecute (Code of Civil Procedure Section 583.150 and Government Code Section 68608(b)) and (2) make further appropriate orders regarding the preparation of the case for trial.

**PLEASE TAKE FURTHER NOTICE** that no appearance is necessary at the hearing set forth above if there is (1) a proof of service filed and/or (2) an appearance in the action (i.e. by answer, demurrer, or motion contesting jurisdiction) by each named defendant BEFORE the date set for hearing. Plaintiff's appearance is MANDATORY, however, if any named defendants remain unserved at the date set for the hearing.

Date: _____ MAY 15 2013

_____
Judge of the Superior Court
MARY THORNTON HOUSE
SUPERVISING JUDGE

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the NOTICE OF ORDER TO SHOW CAUSE RE FAILURE TO COMPLY WITH TRIAL COURT DELAY REDUCTION ACT upon each party or counsel named below:

☐  By depositing in the United States mail at the courthouse in Burbank, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☒  by personally giving the party a copy of this notice upon filing of the complaint.

| | |
|---|---|
| | |

Date: _____ MAY 15 2013

John A. Clarke, Executive Officer/Clerk

By: _____  **E. MUNOZ**

**EXHIBIT "1"**
**Page 21 of 23**

# THE SUPERIOR COURT
# NORTH CENTRAL DISTRICT

EC 060718

## CASE NO. _____
## TO ATTORNEY OF RECORD

**ASSIGNED TO JUDGE ☐ DAVID MILTON/☐ LAURA MATZ
FOR ALL PROCEEDINGS, IN DEPT.☐ NCD/☐NCE
600 EAST BROADWAY, GLENDALE CA 91206**

Your case has been assigned to the Trial Delay Reduction Program in Los Angeles County Superior Court. It is your responsibility as an attorney to immediately familiarize yourself with the detailed provision of Chapter 3, Los Angeles County Superior Court Rules. A reading of this Notice does not relieve you of these rules. The following critical provisions are summarized for your assistance in avoiding immediate and severe rule violations.

## APPLICATION
The Chapter 3 Rules shall apply to all civil cases filed in or transferred to the North Central District.

## PRIORITY OVER OTHER RULES
All Court policy statements and policy manuals will be applicable, if appropriate, except to the extent that they are inconsistent with Chapter 3 Rules or any Orders made thereunder.

## TIME STANDARDS
Cases filed in or transferred to the North Central District will be subject to processing under the following standards:

| | |
|---|---|
| Complaints: | All Complaints shall be served and a proof of service shall be filed within 60 days of filing. |
| Cross-Complaints: | Without leave of Court first being obtained, no cross complaint may be filed by any party after their answer is filed. Cross-complaint and a proof of service shall be filed within 30 days of the filing date. |
| Discovery Regulation: | The Court shall regulate the timing, scope and completion of all discovery, including discovery pursuant to Code of Civil Procedure Section 2034 consistent with Government Code Section 8616 ET. SEC. Counsel should |

**EXHIBIT "1"**
**Page 22 of 23**

34

Attempt to complete all discovery except depositions of experts by the Case Management Conference 140 days after the filing of the complaint.

Request for Trial Setting:   Will no longer be used in the North Central District.

## CASE MANAGEMENT CONFERENCE

The conference shall be held on the first available court day following 140 days after the complaint is filed.  The date for conference will be assigned by the Clerk when the complaint is filed.  Plaintiff shall serve notice of the conference on all parties in the case at least forty five (45) days prior to the date of said status conference.

## STATUS CONFERENCE/SETTLEMENT CONFERENCE

A status/settlement conference may be calendared at the Court's discretion. Trial attorney and parties in propria persona must appear at the status conference.  Compliance with Los Angeles Superior Court Local Rule 3.9(d) is required unless expressly excused by the Court.

## SANCTIONS

The Court will impose appropriate sanctions for the failure or refusal (1) to comply with the Rule; (2) to comply with any Order made hereunder; or (3) to meet the time standards and/or deadlines established herein.  Such sanctions may include: (1) dismissal of the action; (2) striking of a responsible pleading and entry of default; (3) vacating a trial date with the possible consequence of dismissal under Code of Civil Procedure, Section 583.36 or 583.420; (4) evidentiary and witness limitation restrictions or exclusions; (5) reasonable monetary sanctions, and/or (6) other reasonable sanctions as authorized by Code of Civil Procedure, Sections 128, 128.5, 177.5, 575.2, 583.430, 2016-2036, Government Code Section 68609(d), and California Rule of Court 2.30.  Such sanctions may be imposed on a party and/or if appropriate, on the Counsel for such party.  **Plaintiff's and defendant's Counsel are ordered to serve a copy of these Orders on all defendants and cross-defendants concurrent with service of the summons and complaint or cross complaint.**

_____
Mary Thornton House
Supervising Judge
North Central District

**EXHIBIT "1"**
**Page 23 of 23**

# EXHIBIT "2"

1  DONALD E. KARPEL, ESQ., SBN 61678
   ZELNER & KARPEL
2  9777 Wilshire Boulevard, Suite 1000
   Los Angeles, CA 90212
3  Telephone (310) 273-8444
   Facsimile (310) 273-6937
4
5  Attorneys for Plaintiff,
   JASON ROSENBERG
6
7
8

ORIGINAL FILED

MAY 15 2013

LOS ANGELES
SUPERIOR COURT

Case assigned to North Central Glendale, 600
E. Broadway, Glendale, CA, for all further
proceedings.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES    EC 0 6 0 7 1 8

| | |
|---|---|
| 10 JASON ROSENBERG, | [UNLIMITED CIVIL CASE] |
| 11        Plaintiff, | **COMPLAINT FOR DAMAGES** |
| 12     v. | 1. **FAILURE TO ACCOMMODATE** |
| 13 | **[CALIFORNIA FAIR** |
| 14 WARNER BROS ENTERTAINMENT, | **EMPLOYMENT AND HOUSING** |
| INC., a Delaware corporation, WARNER | **ACT ("FEHA")]** |
| 15 BROS. THEATRICAL ENTERPRISES, a | 2. **RETALIATORY TERMINATION** |
| Delaware limited liability company; and | **[FEHA] AND FAILURE TO TAKE** |
| 16 DOES 1 through 25, | **CORRECTIVE ACTION;** |
| 17        Defendants. | 3. **WRONGFUL TERMINATION IN** |
| | **VIOLATION OF PUBLIC POLICY;** |
| 18 | 4. **INTENTIONAL INFLICATION OF** |
| 19 | **EMOTIONAL DISTRESS.** |
| 20 | **JURY TRIAL DEMANDED** |
| 21 | |

22        Plaintiff JASON ROSENBERG ("ROSENBERG") alleges as follows:

23                              **THE PARTIES**

24        1.      At all times mentioned in this complaint, plaintiff JASON ROSENBERG

25  ("ROSENBERG") was and is an individual residing and working in the County of Los Angeles,

26
27  California.

28

1

COMPLAINT FOR DAMAGES

**EXHIBIT "2"**
**Page 1 of 22**

2.     At all times mentioned in this complaint, defendant WARNER BROS.

ENTERTAINMENT, INC. ("WARNER BROS. ENTERTAINMENT"), was and is a

corporation organized and existing under the laws of the State of Delaware, authorized to do

business in the State of California, with its principal place of business in Los Angeles County, at

4000 Warner Blvd., Burbank, California 91522.

3.     At all times mentioned in this complaint, defendant WARNER BROS.

THEATRICAL ENTERPRISES ("WARNER BROS. THEATRICAL"), was and is a limited

liability company organized and existing under the laws of the State of Delaware, authorized to

do business in the State of California, with its principal place of business in Los Angeles County,

at 4000 Warner Blvd., Burbank, California 91522, and is a subsidiary of defendant WARNER

BROS.

4.     Defendants WARNER BROS. THEATRICAL and WARNER BROS.

ENTERTAINMENT shall hereinafter, collectively, be referred to as "WARNER BROS."

5.     ROSENBERG is informed and believes, and thereon alleges that Defendants

DOES 1-25 were at all times relevant hereto employees, officers, agents, owners, subsidiaries,

managers, shareholders, partners, members and/or related entities to the other defendants named

herein.  ROSENBERG is ignorant of the true names and capacities of defendants sued herein as

DOES 1-25, inclusive, and  therefore sues these defendants by such fictitious names.

ROSENBERG will pray leave of this Court to amend this complaint to allege the true names and

capacities when ascertained.  ROSENBERG is informed and believes and thereon alleges that

each of the fictitiously named defendants is responsible in some manner for the occurrences

herein alleged, and that ROSENBERG's damages as herein alleged were proximately caused by

their conduct.

2

COMPLAINT FOR DAMAGES

**EXHIBIT "2"**
**Page 2 of 22**

6.      ROSENBERG is informed and believes, and thereon alleges, that each of the defendants herein was, at all times relevant to this action the managing agent, officer, agent and/or employee, and or the owner, subsidiary, managers, shareholder, partners, member, joint venturer, alter ego and/or otherwise related entity as to the other defendants named herein, and was at all times relevant hereto acting partly within and partly without the course and scope of that relationship.  ROSENBERG is further informed and believes, and thereon alleges, that each of the defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining defendants.

## FACTUAL ALLEGATIONS

7.      In or about December 12, 2005, ROSENBERG took a job working for WARNER BROS. in its "Data Center."  ROSENBERG worked the "graveyard" shift. At all times herein mentioned, ROSENBERG performed his duties and obligations as a WARNER BROS. employee.

8.      ROSENBERG is a member of a legally protected class; specifically he is Jewish.

9.      At all times herein mentioned, Defendant WARNER BROS. regularly employed five or more persons, bringing defendant employer within the provisions of *Gov. Code* §12900 *et seq*. prohibiting employers or their agents from discriminating or retaliating against employees on the basis of religion.

The Anti-Semitic Comments

10.      Throughout ROSENBERG's employment with WARNER BROS. he was subjected to anti-Semitic comments and insults.

11.      ROSENBERG went to his superiors, including manager Hector Vasquez to complain about the anti-Semitic insults, but his superiors took no remedial action and the insults continued. ROSENBERG was the only Jewish person in his department.

3

12.     ROSENBERG also submitted complaints of these anti-Semitic insults to his employee Union, which advocated on his behalf.

The Failure to Accommodate

13.     After approximately 5 years of working the graveyard shift, ROSENBERG developed several physical symptoms for which he sought medical help. Those symptoms included high blood pressure, chest pains, headaches and difficulty sleeping. ROSENBERG's doctor told him that working the graveyard shift was causing these adverse medical symptoms and recommended that ROSENBERG seek a change in his work schedule.  On information and belief, ROSENBERG's medical symptoms constituted a physical disability under Government Code Sec 12926(l)(1), which limited his ability to participate in a major life activity, to wit, work.

14.     On or about April 1, 2011, ROSENBERG's shift was changed, although not in accordance with what he had requested.  Specifically, ROSENBERG had asked to be moved *permanently* to the day-shift (which also should have been allowed to him based on his seniority).  What ROSENBERG got, instead, was a "cross-training" rotation which was to be 4 months on day-shift, 4 months on swing-shift, and then 4 months on graveyard-shift. Nonetheless, at least while ROSENBERG was on the day-shift, his health did begin to improve.

15.     In June of 2011, ROSENBERG brought in paperwork from his primary health care provider, Dr. Selvyn Bleifer, instructing WARNER BROS. that ROSENBERG should have remained permanently on the day-shift, and that doing so was important for ROSENBERG's physical and general well being.

16.     On or about June 27, 2011 WARNER BROS.'s Jeanette Avedissian, Manager of Benefits, responded with a letter asking questions of Dr. Bleifer concerning ROSENBERG's

4

**EXHIBIT "2"**
**Page 4 of 22**

medical condition.

17.     On or about July 12, 2011, Dr Bleifer filled out a first set of forms, which were turned back in to Avedissian.

18.     On or about July 21, 2011, ROSENBERG received a second letter from Avedissian confirming that she had received the requested information (first form), but stating that WARNER BROS. still needed some additional verifications.

19.     Therefore, on or about August 2, 2011 Dr. Bleifer filled out a second set of forms, which ROSENBERG in turn passed on to Avedissian. The latter then called to let ROSENBERG know that she would update him once WARNER BROS. made a determination as to any accommodation for ROSENBERG.

20.     On or about September 26, 2011, without ever having heard back from WARNER BROS. concerning the requested accommodation, ROSENBERG received a Shift Schedule Change letter stating that the recently-implemented shift rotation system was being cancelled, and that all of the workers in the Data Control Center (including ROSENBERG) were going to return to their last shift schedule prior to the rotation. This meant that ROSENBERG was going to be moved back to the graveyard-shift (10pm to 7 am) beginning on October 23, 2011.

21.     On or about October 23, 2011, ROSENBERG was moved back to the graveyard shift, without any explanation from WARNER BROS. as to why he was denied the workplace accommodation.

22.     After a few months of the new shift-rotation schedule, ROSENBERG's superiors not only failed to put ROSENBERG permanently on a day-shift schedule (per his and his doctor's specific written requests), but they also rescinded the rotation-shift schedule change completely, and returned ROSENBERG to the graveyard shift.

The "Investigation" and Retaliatory Termination

23.     In January of 2012, ROSENBERG told the Employee Relations Department at WARNER BROS. that he felt he was being singled out for bad treatment by his co-workers due to the fact that he was the only Jewish person in his department, and told them about the anti-Semitic insults he had experienced. The Employee   Relations Department investigated ROSENBERG's claim.

24.     On or about February 23, 2012, ROSENBERG was called into a meeting regarding the results of the Employee Relations Department's investigation. During the meeting, ROSENBERG was told that no action was going to be taken on his complaints. Instead, ROSENBERG was informed by the head of Human Resources, Ron Bailey, that he was being terminated from WARNER BROS. for the vague, disingenuous and wholly unfounded reason of "disruption in the workplace."   ROSENBERG was escorted off the studio lot, without ever (even to this day) receiving any paperwork concerning his termination.

25.     ROSENBERG had never been reprimanded.  He worked well with everybody in his department (even during those times when he kept silent on his feelings about the anti-Semitic remarks leveled at him, or made in his presence).  In fact, ROSENBERG was promoted in November of 2010.  It was only when ROSENBERG pressed the issue of moving to the day-shift (based on medical need) that he became perceived, suddenly, as a "problem employee" (despite that ROSENBERG's seniority should have given him even more leverage to have his medical need actually accommodated).

26.     To illustrate, just under three months into ROSENBERG's new work schedule, a co-worker of his (who had been assigned to take on ROSENBERG's original graveyard shift) made false and absurd accusations of derogatory anti-gay remarks against ROSENBERG

supposedly made *a year prior to the co-worker's complaint*. Shockingly, ROSENBERG is given a "Final Warning" -- a form of written discipline to be placed in his personnel file, <u>despite</u> the suspicious and flagrant delay marking the co-worker's complaint, <u>despite</u> the fact that ROSENBERG had been given no previous discussion, disciplinary action or other write-ups in all his years at WARNER BROS. (let alone for making inappropriate remarks or slurs), and <u>despite</u> the fact that there were no witnesses or any other corroboration of the co-worker's claims (ROSENBERG was given his "Final Warning" based solely on the co-worker's severely belated allegations).

27.     On or about November 19, 2012, ROSENBERG filed a charge of discrimination with the California Department of Fair Employment and Housing (the "DFEH").

28.     Also on or about November 19, 2012 (the same day as the discrimination charge was filed), ROSENBERG received a Notice of Case Closure and Right To Sue from the DFEH, allowing a civil action to be brought under the Fair Employment and Housing Act pursuant to Government Code Sec 12965(b).

**FIRST CAUSE OF ACTION**

**FAILURE TO ACCOMMODATE IN VIOLATION OF**

**THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

**(Government Code Section 12940, *et seq.*)**

**(against ALL defendants)**

29.     ROSENBERG incorporates herein by this reference Paragraphs 1-28 above.

30.     ROSENBERG was at all times willing and able to perform his job duties at WARNER BROS. with a reasonable accommodation of his physical disability, to wit, being re-assigned away from the graveyeard shift. WARNER BROS. was reasonably able to accommodate said disability, notwithstanding its false assertions to the contrary and the fact that,

7

COMPLAINT FOR DAMAGES

**42**

**EXHIBIT "2"**
**Page 7 of 22**

instead of doing so, it failed to accommodate ROSENBERG's disability and ultimately terminated his employment.

31. At no time would the performance of the functions of the employment position, with a reasonable accommodation for ROSENBERG's mental disability have been a danger to ROSENBERG or any other person's health or safety, nor would it have created an undue hardship to the operation of defendants' business.

32. Defendants obviously were aware of ROSENBERG's disability during his stint on the day-shift before deciding to capriciously rescind the accommodation.

33. At all times mentioned herein, ROSENBERG was willing and able to perform the duties and functions of his job position, even when (and after) the accommodation of his disability was rescinded.

34. Furthermore, defendants failed to engage in a timely, good faith interactive process with ROSENBERG to determine effective reasonable accommodations in response to ROSENBERG's repeated efforts to address the issue with his employer, per his doctor's work-related restrictions and recommendations.

35. Defendants' actions constituted unlawful discrimination in employment on account of ROSENBERG's disability in violation of Government Code Sections 12940(a), (m) and (n).

36. As a proximate result of defendants' actions, ROSENBERG has suffered harm including (without limitation) lost earnings and other employment benefits, humiliation, embarrassment, mental anguish, depression, anxiety, emotional distress and both physiological and mental manifestations of severe stress, and other consequential damages, all to his damage in an amount to be established at trial.

37. Each of defendants' officers, directors and/or managing agents who were involved in and/or made aware of the acts set forth above engaged in such acts in an oppressive,

fraudulent and malicious manner, and/or authorized and/or ratified such acts of oppression, fraud and malice by other WARNER BROS. employees. Defendants' conduct, therefore, warrants the assessment of punitive damages.

## SECOND CAUSE OF ACTION

## RETALIATORY TERMINATION

## THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

### (Government Code Section 12940, *et seq.*)

### (against ALL defendants)

38.     ROSENBERG incorporates herein by this reference Paragraphs 1-28 above.

39.     In January of 2012, ROSENBERG told the Employee Relations Department at WARNER BROS. that he felt he was being singled out for bad treatment by his co-workers due to the fact that he was the only Jewish person in his department, and told them about the anti-Semitic insults he had experienced. The Employee Relations Department investigated ROSENBERG's claim.

40.     On or about February 23, 2012, ROSENBERG was called into a meeting regarding the results of the Employee Relations Department's investigation. During the meeting, ROSENBERG was told that no action was going to be taken on his complaints. Instead, ROSENBERG was informed by the head of Human Resources, Ron Bailey, that he was being terminated from WARNER BROS. ROSENBERG was escorted off the studio lot, without ever (even to this day) receiving any paperwork concerning his termination.

41.     ROSENBERG had never been reprimanded. He worked well with everybody in his department (even during those times when he kept silent on his feelings about the anti-Semitic remarks leveled at him, or made in his presence). In fact, ROSENBERG was promoted in November of 2010. It was only when ROSENBERG pressed the issue of moving to the day-shift (based on medical need) that he became perceived, suddenly, as a "problem employee"

1   (despite that ROSENBERG's seniority should have given him even more leverage to have his

2   medical need actually accommodated).

3         42.      The only conceivable explanation (or, at best, the only likely explanation for

4   ROSENBERG's sudden termination was that it was in direct response to ROSENBERG's

5   complaints to management about anti-Semitism.

6         43.      Defendants' actions constituted unlawful retaliation in employment in violation of

7   Government Code Sections 12940(h), wherein defendants discharged ROSENBERG because he

8   opposed anti-Semitic harassment and discrimination in his workplace by reporting it to his

9   employer.

10        44.      Moreover, Government Code Section 12940(j)(1) provides: "Harassment of an

11  employee . . . shall be unlawful if the entity, or its agents or supervisors, *knows or should have*

12  *known* of this conduct and fails to take immediate and appropriate corrective action."

13  Apparently, WARNER BROS. decided that the "corrective action" appropriate in this instance

14  was to get rid of ROSENBERG, rather than address the hostile environment created by

15  WARNER BROS.' other employees.

16

17        45.      As a proximate result of defendants' actions, ROSENBERG has suffered harm

18  including (without limitation) lost earnings and other employment benefits, humiliation,

19  embarrassment, mental anguish, depression, anxiety, emotional distress and both physiological

20  and mental manifestations of severe stress, and other consequential damages, all to his damage in

21  an amount to be established at trial.

22        46.      Each of defendants' officers, directors and/or managing agents who were involved

23  in and/or made aware of the acts set forth above engaged in such acts in an oppressive,

24  fraudulent and malicious manner, and/or authorized and/or ratified such acts of oppression, fraud

25  and malice by other WARNER BROS. employees.  Defendants' conduct, therefore, warrants the

26  assessment of punitive damages.

27

28

COMPLAINT FOR DAMAGES

**EXHIBIT "2"**
**Page 10 of 22**

## THIRD CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (against ALL defendants)

47.     ROSENBERG incorporates herein by this reference Paragraphs 1-46 above.

48.     The public policies of the State of California are embodied, in relevant part, in 1) California Constitution Art. 1 Sec. 4, which guarantees the free exercise and enjoyment of religion; 2) Labor Code Section 132a, which prohibits discrimination against an employee (including discharge) because the employee was injured in the course and scope of his employment; and 3) Government Code Section 12940, *et seq.*, which prohibits retaliation by an employer against an employee for asserting his rights thereunder, and for opposing religious harassment (to wit, anti-Semitism) or discrimination in the workplace by reporting it to his employer.

49.     In violation of the public policies of this State as set forth in the preceding paragraph, and in retaliation for ROSENBERG's exercise of his rights under said policies, defendants terminated ROSENBERG's employment on February 23, 2012.

50.     As a proximate result of defendants' actions, ROSENBERG has suffered harm including (without limitation) lost earnings and other employment benefits, humiliation, embarrassment, mental anguish, depression, anxiety, emotional distress and both physiological and mental manifestations of severe stress, and other consequential damages, all to his damage in an amount to be established at trial.

51.     Each of defendants' officers, directors and/or managing agents who were involved in and/or made aware of the acts set forth above engaged in such acts in an oppressive, fraudulent and malicious manner, and/or authorized and/or ratified such acts of oppression, fraud and malice by other WARNER BROS. employees.  Defendants' conduct, therefore, warrants the assessment of punitive damages.

11

COMPLAINT FOR DAMAGES

**EXHIBIT "2"**
**Page 11 of 22**

# FOURTH CAUSE OF ACTION

## INTNETIONAL INFLICTION OF EMOTIONAL DISTRESS

### (against ALL defendants)

52.     ROSENBERG incorporates herein by this reference Paragraphs 1-28 above.

53.     All of the above-described conduct by the defendants, and each of them, was extreme and outrageous, and was intended to cause ROSENBERG severe emotional distress, and did in fact do so.

54.     As a proximate result, ROSENBERG has suffered embarrassment, humiliation, mental anguish, depression, anxiety, and emotional and physical distress, including but not limited to the physiological and mental manifestations of severe stress.

55.     The above-described conduct of the defendants, and each of them, was willful, malicious, oppressive, sadistic and pre-meditated, and was intended to cause injury to ROSENBERG, entitling her to an award of exemplary or punitive damages.

WHEREFORE, ROSENBERG prays for judgment against the Defendants, and each of them, as follows:

1.     For economic damages according to proof, including lost earnings and other employee benefits, past and future, and consequential economic damages proximately caused by ROSENBERG's wrongful termination from, and lack of accommodation by WARNER BROS.;

2.     For compensatory damages according to proof, including general damages proximately caused to ROSENBERG, including humiliation, embarrassment, mental anguish, depression, anxiety, emotional distress and physiological and mental manifestations of emotional distress and severe stress;

3.     For punitive and/or exemplary damages, according to law;

4.     For interest on ROSENBERG's economic damages at the prevailing legal rate, as allowed by law;

5.     For attorney fees, where allowed by statute;

12

1    6.    For costs of suit;

2    7.    For such other and further relief as the Court deems proper; and

3    8.    For trial by jury.

4

5    Dated: April 27, 2013                    ZELNER & KARPEL

6

7

8                                            Donald E. Karpel, Esq.,
                                             Attorney for Plaintiff,
9                                            JASON ROSENBERG

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    13
                          COMPLAINT FOR DAMAGES

EXHIBIT "2"
Page 13 of 22

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Donald E. Karpel, Esq.   SBN: 61678<br>LAW OFFICES OF ZELNER & KARPEL<br>9777 Wilshire Blvd. Suite 1000<br>Beverly Hills, California 90212<br>TELEPHONE NO.: (310) 273-8444   FAX NO.: (310) 273-6937<br>ATTORNEY FOR *(Name):* Plaintiffs: JASON ROSENBERG | ORIGINAL FILED<br>MAY 15 2013<br>LOS ANGELES<br>SUPERIOR COURT |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 300 E. Olive Ave.
MAILING ADDRESS:
CITY AND ZIP CODE: Burbank, California 91502
BRANCH NAME: NORTH CENTRAL DISTRICT

CASE NAME: JASON ROSENBERG
WARNER BROS ENTERTAINMENT INC., ET AL.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: EC 060718 |
|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000)   ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☒ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☒ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify):* 4
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 8, 2013

DONALD E. KARPEL
    (TYPE OR PRINT NAME)

► 
    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | Martin Dean's<br>ESSENTIAL FORMS™ | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**EXHIBIT "2"**
**Page 14 of 22**

49

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ROSENBERG V. WARNER BROS INTERTAINMENT; INC., ET AL. | EC 060718 |

### CIVIL CASE COVER SHEET ADDENDUM AND
### STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES   CLASS ACTION? [ ] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 4-5 [ ] HOURS/ [X] DAYS.

**Item II.** Indicate the correct district and courthouse location (4 steps - If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto (22) | [ ] A7100 | Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Uninsured Motorist (46) | [ ] A7110 | Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1., 2., 4. |
| Asbestos (04) | [ ] A6070 | Asbestos Property Damage | 2. |
| | [ ] A7221 | Asbestos - Personal Injury/Wrongful Death | 2. |
| Product Liability (24) | [ ] A7260 | Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | [ ] A7210 | Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | [ ] A7240 | Other Professional Health Care Malpractice | 1., 4. |
| Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 | Premises Liability (e.g., slip and fall) | 1., 4. |
| | [ ] A7230 | Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | [ ] A7270 | Intentional Infliction of Emotional Distress | 1., 3. |
| | [ ] A7220 | Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

Martin Dean's
**ESSENTIAL FORMS™**

**EXHIBIT "2"**
**Page 15 of 22**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| ROSENBERG V. WARNER BROS INTERTAIMENT, INC., ET AL. | |

| A<br>Civil Case Cover<br>Sheet Category No. | | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Business Tort (07) | ☐ A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☐ A6005 | Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010 | Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013 | Fraud (no contract) | 1., 2., 3. |
| Professional<br>Negligence<br>(25) | ☐ A6017 | Legal Malpractice | 1., 2., 3. |
| | ☐ A6050 | Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025 | Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination<br>(36) | ☒ A6037 | Wrongful Termination | 1., 2., 3. |
| Other Employment<br>(15) | ☐ A6024 | Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109 | Labor Commissioner Appeals | 10. |
| Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐ A6004 | Breach of Rental/Lease Contract (not Unlawful Detainer or<br>wrongful eviction) | 2., 5. |
| | ☐ A6008 | Contract/Warranty Breach-Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019 | Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028 | Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections<br>(09) | ☐ A6002 | Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012 | Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage<br>(18) | ☐ A6015 | Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract<br>(37) | ☐ A6009 | Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031 | Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027 | Other Contract Dispute (not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Eminent<br>Domain/Inverse<br>Condemnation (14) | ☐ A7300 | Eminent Domain/Condemnation      Number of parcels | 2. |
| Wrongful Eviction<br>(33) | ☐ A6023 | Wrongful Eviction Case | 2., 6. |
| Other Real Property<br>(26) | ☐ A6018 | Mortgage Foreclosure | 2., 6. |
| | ☐ A6032 | Quiet Title | 2., 6. |
| | ☐ A6060 | Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer-<br>Commercial (31) | ☐ A6021 | Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-<br>Residential (32) | ☐ A6020 | Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-<br>Post-Foreclosure (34) | ☐ A6020F | Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-<br>Drugs (38) | ☐ A6022 | Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**


Martin Dean's
ESSENTIAL FORMS™

**EXHIBIT "2"**
**Page 16 of 22**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| ROSENBERG V. WARNER BROS INTERTAINMENT, INC., ET AL. | |

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Asset Forfeiture (05) | ☐ A6108 | Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115 | Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| Writ of Mandate (02) | ☐ A6151<br>☐ A6152<br>☐ A6153 | Writ - Administrative Mandamus<br>Writ - Mandamus on Limited Court Case Matter<br>Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| Other Judicial Review (39) | ☐ A6150 | Other Writ/Judicial Review | 2., 8. |
| Antitrust/Trade Regulation (03) | ☐ A6003 | Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007 | Construction Defect | 1., 2., 3. |
| Claims Involving Mass Tort (40) | ☐ A6006 | Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035 | Securities Litigation Case | 1., 2., 8. |
| Toxic Tort Environmental (30) | ☐ A6036 | Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014 | Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment (20) | ☐ A6141<br>☐ A6160<br>☐ A6107<br>☐ A6140<br>☐ A6114<br>☐ A6112 | Sister State Judgment<br>Abstract of Judgment<br>Confession of Judgment (non-domestic relations)<br>Administrative Agency Award (not unpaid taxes)<br>Petition/Certificate for Entry of Judgment on Unpaid Tax<br>Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| RICO (27) | ☐ A6033 | Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints (Not Specified Above) (42) | ☐ A6030<br>☐ A6040<br>☐ A6011<br>☐ A6000 | Declaratory Relief Only<br>Injunctive Relief Only (not domestic/harassment)<br>Other Commercial Complaint Case (non-tort/non-complex)<br>Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| Partnership Corporation Governance (21) | ☐ A6113 | Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions (Not Specified Above) (43) | ☐ A6121<br>☐ A6123<br>☐ A6124<br>☐ A6190<br>☐ A6110<br>☐ A6170<br>☐ A6100 | Civil Harassment<br>Workplace Harassment<br>Elder/Dependent Adult Abuse Case<br>Election Contest<br>Petition for Change of Name<br>Petition for Relief from Late Claim Law<br>Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

Martin Dean's ESSENTIAL FORMS™

SHORES V. ST. JOHN
EXHIBIT "2"
Page 17 of 22

| SHORT TITLE: | CASE NUMBER |
|---|---|
| ROSENBERG V. WARNER BROS INTERTAINMENT, INC., ET AL. | |

**Item III.** *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. <br> [X] 1.  [ ] 2.  [ ] 3.  [X] 4.  [ ] 5.  [ ] 6.  [ ] 7.  [ ] 8.  [ ] 9.  [⊗] 10. | ADDRESS: <br> 4000 WARNER BLVD. |
|---|---|
| CITY: BURBANK | STATE: CA | ZIP CODE: 91522 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the   SUPERIOR   courthouse in the NORTH CENTRAL   District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: May 9, 2013

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.    Original Complaint or Petition.

2.    If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.    Civil Case Cover Sheet, Judicial Council form CM-010.

4.    Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11 ).

5.    Payment in full of the filing fee, unless fees have been waived.

6.    A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.    Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**EXHIBIT "2"**
**Page 18 of 22**

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

COURHOUSE ADDRESS: GLENDALE SUPERIOR COURT
600 E. BROADWAY
GLENDALE, CA 91205

ORIGINAL FILED
MAY 15 2013
LOS ANGELES
SUPERIOR COURT

PLAINTIFF:

DEFENDANT:

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:

EC 060718

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: OCT 15 2013    Time: 8:30 AM    DEPT. D / E

Pursuant to Califonia Rules of Court, rule 212, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and Califonia Rules of Court, rule 200 et seq.

Date: MAY 15 2013

Judge of the Superior Court   MARY THORNTON HOUSE
SUPERVISING JUDGE

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the NOTICE OF CASE MANAGEMENT CONFERENCE upon each party or counsel named below:

☐   By depositing in the United States mail at the courthouse in Burbank, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☒   by personally giving the party a copy of this notice upon filing of the complaint.

Date: MAY 15 2013

John A. Clarke, Executive Officer/Clerk

By: _____   E. MUNOZ

EXHIBIT "2"
Page 19 of 22

CIV 132 10-03    NOTICE OF CASE MANAGEMENT CONFERENCE    CRC. rule 212
Chapter Seven

54

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | RESERVED FOR CLERK FILE STAMP |
|---|---|

| NORTH CENTRAL – GLENDALE<br>600 EAST BROADWAY<br>GLENDALE, CA 91205 | | ORIGINAL FILED<br>MAY 15 2013<br>LOS ANGELES<br>SUPERIOR COURT |
|---|---|---|

| # NOTICE OF ORDER TO SHOW CAUSE RE FAILURE TO COMPLY WITH TRIAL COURT DELAY REDUCTION ACT | CASE NUMBER:<br>EC 060718 |
|---|---|

**TO THE PLAINTIFF(S) AND/OR THEIR ATTORNEY(S) OF RECORD:**

Pursuant to California Rules of Court, Rule 3.110, all complaints shall be served and a proof of service thereof shall be filed within 60 days of the date the complaint is filed, unless the defendant makes an appearance within that 60 days. Plaintiff's failure to meet this deadline may result in sanctions.

**PLEASE TAKE NOTE** that this matter is set for an order to show cause why the plaintiff should not be sanctioned for failure to comply with the rules described above on:

| Date: JUL 2 9 2013 | Time: 8:30 am | Dept: (D) / E |
|---|---|---|
| Address: 600 EAST BROADWAY, GLENDALE, CA 91205 | | |

At such time and place, the Court may (1) impose such sanctions as are authorized by law, including dismissal for failure to prosecute (Code of Civil Procedure Section 583.150 and Government Code Section 68608(b)) and (2) make further appropriate orders regarding the preparation of the case for trial.

**PLEASE TAKE FURTHER NOTICE** that no appearance is necessary at the hearing set forth above if there is (1) a proof of service filed and/or (2) an appearance in the action (i.e. by answer, demurrer, or motion contesting jurisdiction) by each named defendant BEFORE the date set for hearing. Plaintiff's appearance is MANDATORY, however, if any named defendants remain unserved at the date set for the hearing.

Date: MAY 1 5 2013

_____
Judge of the Superior Court
MARY THORNTON HOUSE
SUPERVISING JUDGE

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the NOTICE OF ORDER TO SHOW CAUSE RE FAILURE TO COMPLY WITH TRIAL COURT DELAY REDUCTION ACT upon each party or counsel named below:

☐ By depositing in the United States mail at the courthouse in Burbank, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☒ by personally giving the party a copy of this notice upon filing of the complaint.

| | |
|---|---|
| | |

Date: MAY 1 5 2013

John A. Clarke, Executive Officer/Clerk

By: _____  E. MUNOZ

EXHIBIT "2"
Page 20 of 22

# THE SUPERIOR COURT
# NORTH CENTRAL DISTRICT

EC 060718

## CASE NO. _____
## TO ATTORNEY OF RECORD

**ASSIGNED TO JUDGE ☑ DAVID MILTON/ ☐ LAURA MATZ
FOR ALL PROCEEDINGS, IN DEPT. ☑ NCD/ ☐ NCE
600 EAST BROADWAY, GLENDALE CA 91206**

Your case has been assigned to the Trial Delay Reduction Program in Los Angeles County Superior Court.  It is your responsibility as an attorney to immediately familiarize yourself with the detailed provision of Chapter 3, Los Angeles County Superior Court Rules.  A reading of this Notice does not relieve you of these rules.  The following critical provisions are summarized for your assistance in avoiding immediate and severe rule violations.

**APPLICATION**
The Chapter 3 Rules shall apply to all civil cases filed in or transferred to the North Central District.

**PRIORITY OVER OTHER RULES**
All Court policy statements and policy manuals will be applicable, if appropriate, except to the extent that they are inconsistent with Chapter 3 Rules or any Orders made thereunder.

**TIME STANDARDS**
Cases filed in or transferred to the North Central District will be subject to processing under the following standards:

| | |
|---|---|
| Complaints: | All Complaints shall be served and a proof of service shall be filed within 60 days of filing. |
| Cross-Complaints: | Without leave of Court first being obtained, no cross complaint may be filed by any party after their answer is filed.  Cross-complaint and a proof of service shall be filed within 30 days of the filing date. |
| Discovery Regulation: | The Court shall regulate the timing, scope and completion of all discovery, including discovery pursuant to Code of Civil Procedure Section 2034 consistent with Government Code Section 8616 ET. SEC.  Counsel should |

**EXHIBIT "2"**
**Page 21 of 22**

Attempt to complete all discovery except depositions of experts by the Case Management Conference 140 days after the filing of the complaint.

Request for Trial Setting:   Will no longer be used in the North Central District.

## CASE MANAGEMENT CONFERENCE
The conference shall be held on the first available court day following 140 days after the complaint is filed. The date for conference will be assigned by the Clerk when the complaint is filed. Plaintiff shall serve notice of the conference on all parties in the case at least forty five (45) days prior to the date of said status conference.

## STATUS CONFERENCE/SETTLEMENT CONFERENCE
A status/settlement conference may be calendared at the Court's discretion. Trial attorney and parties in propria persona must appear at the status conference. Compliance with Los Angeles Superior Court Local Rule 3.9(d) is required unless expressly excused by the Court.

## SANCTIONS
The Court will impose appropriate sanctions for the failure or refusal (1) to comply with the Rule; (2) to comply with any Order made hereunder; or (3) to meet the time standards and/or deadlines established herein. Such sanctions may include: (1) dismissal of the action; (2) striking of a responsible pleading and entry of default; (3) vacating a trial date with the possible consequence of dismissal under Code of Civil Procedure, Section 583.36 or 583.420; (4) evidentiary and witness limitation restrictions or exclusions; (5) reasonable monetary sanctions, and/or (6) other reasonable sanctions as authorized by Code of Civil Procedure, Sections 128, 128.5, 177.5, 575.2, 583.430, 2016-2036, Government Code Section 68609(d), and California Rule of Court 2.30. Such sanctions may be imposed on a party and/or if appropriate, on the Counsel for such party. **Plaintiff's and defendant's Counsel are ordered to serve a copy of these Orders on all defendants and cross-defendants concurrent with service of the summons and complaint or cross complaint.**

Mary Thornton House
Supervising Judge
North Central District

**EXHIBIT "2"**
**Page 22 of 22**

# EXHIBIT "3"

1  JANET I. SWERDLOW (State Bar No. 155396)
       E-Mail: jswerdlow@swerdlowlaw.com
2  SWERDLOW FLORENCE
     SANCHEZ SWERDLOW & WIMMER
3  A Law Corporation
   9401 Wilshire Blvd., Suite 828
4  Beverly Hills, California 90212
   Telephone: (310) 288-3980
5
   Attorneys for Defendants
6  Warner Bros. Theatrical Enterprises LLC and
   Warner Bros. Entertainment Inc.
7

**ORIGINAL FILED**

JUN 2 7 2013

LOS ANGELES
SUPERIOR COURT

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF LOS ANGELES, NORTH CENTRAL DISTRICT

10

11  JASON ROSENBERG,                     Case No. EC060718

12           Plaintiff,                   **WARNER BROS. THEATRICAL
                                          ENTERPRISES LLC'S ANSWER TO
13       vs.                              PLAINTIFF'S COMPLAINT FOR
                                          DAMAGES**
14  WARNER BROS ENTERTAINMENT,
    INC., a Delaware corporation, WARNER  *Assigned for All Purposes to:*
15  BROS. THEATRICAL ENTERPRISES, a      *The Hon. David Milton, Dept. NCD*
    Delaware limited liability company; and
16  DOES 1 through 25,                    Action Filed:   May 15, 2013

17           Defendants.                  Trial Date:     None Set

18

19         Defendant, Warner Bros. Theatrical Enterprises LLC ("WBTE") (incorrectly

20  identified in the Complaint as "WARNER BROS. THEATRICAL ENTERPRISES"), for

21  itself alone and for no other Defendant, answers the unverified Complaint herein as

22  follows:

23         1.     Pursuant to the provisions of section 431.30 of the California Code of Civil

24  Procedure, denies each and every, all and singular, allegations of said Complaint and

25  further denies that Plaintiff was damaged in the sum alleged or sums alleged or in any sum

26  or at all.

27

28

**SWERDLOW FLORENCE**
**SANCHEZ SWERDLOW & WIMMER**
9401 WILSHIRE BLVD., SUITE 828
BEVERLY HILLS, CALIFORNIA 90212
TEL (310) 288-3980 • FAX (310) 273-8680

**EXHIBIT "3"**
**Page 1 of 9**

1  AS, AND FOR ITS, AFFIRMATIVE DEFENSES TO ALL CAUSES OF ACTION

2  PURPORTED TO BE SET FORTH AGAINST IT IN THE COMPLAINT HEREIN,

3  THIS ANSWERING DEFENDANT AVERS AS FOLLOWS:

4

5  **FIRST AFFIRMATIVE DEFENSE:**

6      2.     Any and all treatment accorded Plaintiff with respect to his employment or

7  the termination thereof, was based on factors other than Plaintiff's religion and alleged

8  complaints of religion discrimination or harassment.

9  **SECOND AFFIRMATIVE DEFENSE:**

10      3.     Any disparity, whether in treatment or impact, which existed between

11  Plaintiff and any similarly-situated employee of WBTE with regard to terms and

12  conditions of employment was not based in whole or in part on Plaintiff's religion or

13  Plaintiff's alleged complaints of religion discrimination or harassment.

14  **THIRD AFFIRMATIVE DEFENSE:**

15      4.     If WBTE wrongfully terminated Plaintiff, although such is not admitted

16  hereby or herein, Plaintiff had a duty to mitigate damages by promptly seeking

17  employment elsewhere.  By the exercise of reasonable effort, Plaintiff could have obtained

18  employment elsewhere of substantially similar character promptly following the alleged

19  breach by WBTE, but Plaintiff failed and refused to exercise such effort and refused to

20  accept such employment elsewhere.

21  **FOURTH AFFIRMATIVE DEFENSE:**

22      5.     If WBTE did subject Plaintiff to any wrongful or unlawful conduct resulting

23  in mental, physical or emotional harm, although such is not admitted hereby or herein,

24  Plaintiff had a duty to mitigate any damages Plaintiff may have suffered by seeking

25  medical and psychological treatment and Plaintiff has failed to do so.

26

27

28

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER
9401 WILSHIRE BLVD., SUITE 828
BEVERLY HILLS, CALIFORNIA 90212
TEL (310) 288-3980 • FAX (310) 273-8680

261328.2 / 3532-012

2   **59**

**EXHIBIT "3"**
**Page 2 of 9**

WARNER BROS. THEATRICAL ENTERPRISES LLC'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER
9401 WILSHIRE BLVD., SUITE 828
BEVERLY HILLS, CALIFORNIA 90212
TEL (310) 288-3980 • FAX (310) 273-8680

### FIFTH AFFIRMATIVE DEFENSE:

6.　　As to any claim by Plaintiff for physical, mental or emotional distress, said claim is barred, in whole or in part, by California Labor Code §§ 3200 et seq., which provides that workers' compensation is Plaintiff's exclusive remedy.

### SIXTH AFFIRMATIVE DEFENSE:

7.　　Plaintiff is not "disabled" within the meaning of the California Fair Employment and Housing Act, Cal. Gov. Code §§ 12940(a), 12926.

### SEVENTH AFFIRMATIVE DEFENSE:

8.　　Plaintiff is not a "qualified individual with a disability" within the meaning of the California Fair Employment and Housing Act, Cal. Gov. Code §§ 12926(i), 12926(k), and Cal. Code. Regs. Title 2, §§ 2393.6, 2393.7.

### EIGHTH AFFIRMATIVE DEFENSE:

9.　　Plaintiff, because of Plaintiff's alleged physical and/or mental disability, was unable to perform Plaintiff's job's essential duties even with reasonable accommodation.

### NINTH AFFIRMATIVE DEFENSE:

10.　　Plaintiff's cause of action under the California Fair Employment and Housing Act, California Government Code §§ 12900 et seq., is barred by the applicable statute of limitations, specifically California Government Code §§ 12960(d) and 12965(b).

### TENTH AFFIRMATIVE DEFENSE:

11.　　This Court has no subject matter jurisdiction over the allegations in the Plaintiff's Complaint which are beyond the scope of the charge filed by Plaintiff with the California Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission.

### ELEVENTH AFFIRMATIVE DEFENSE:

12.　　If WBTE's employees or any of them committed the acts alleged in the Complaint, although such is not admitted hereby or herein, such acts were committed outside the scope of employment and not by agents of WBTE, and, thus, WBTE is not liable for such acts.

WARNER BROS. THEATRICAL ENTERPRISES LLC'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER
9401 WILSHIRE BLVD., SUITE 828
BEVERLY HILLS, CALIFORNIA 90212
TEL (310) 288-3980 • FAX (310) 273-8680

1    **TWELFTH AFFIRMATIVE DEFENSE:**

2        13.    Said causes of action, and each of them, are barred, in whole or in part, by

3    the defense of waiver.

4    **THIRTEENTH AFFIRMATIVE DEFENSE:**

5        14.    Said causes of action, and each of them, are barred, in whole or in part, by

6    the doctrine of unclean hands.

7    **FOURTEENTH AFFIRMATIVE DEFENSE:**

8        15.    Plaintiff's cause of action for intentional infliction of emotional distress is

9    barred because Plaintiff has not alleged any conduct on the part of WBTE that would result

10   in WBTE's liability for intentional infliction of emotional distress.

11   **FIFTEENTH AFFIRMATIVE DEFENSE:**

12       16.    Plaintiff's cause of action for intentional infliction of emotional distress fails

13   to state facts sufficient to constitute a cause of action because all conduct of WBTE was a

14   just and proper exercise of management discretion and any such conduct was based upon

15   personnel decisions.

16   **SIXTEENTH AFFIRMATIVE DEFENSE:**

17       17.    To the extent Plaintiff was subjected to any unlawful retaliation, although

18   WBTE does not admit such, WBTE exercised reasonable care to prevent and correct

19   promptly any unlawful retaliatory behavior.

20   **SEVENTEENTH AFFIRMATIVE DEFENSE:**

21       18.    At the time WBTE made the decision to terminate Plaintiff's employment,

22   WBTE, acting in good faith and following an investigation that was appropriate under the

23   circumstances, had reasonable grounds for believing Plaintiff had committed the wrongful

24   acts that caused WBTE to terminate Plaintiff.

25   **EIGHTEENTH AFFIRMATIVE DEFENSE:**

26       19.    All relevant conduct of WBTE (or its agents or employees) was a just and

27   proper exercise of its management discretion, undertaken for a fair and honest reason, and

28   in good faith under the circumstances then existing.

WARNER BROS. THEATRICAL ENTERPRISES LLC'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER
9401 WILSHIRE BLVD., SUITE 828
BEVERLY HILLS, CALIFORNIA 90212
TEL (310) 288-3980 • FAX (310) 273-8680

1               **NINETEENTH AFFIRMATIVE DEFENSE:**

2       20.     Plaintiff's Complaint is pre-empted by Section 301 of the Labor

3 Management Relations Act, 29 U.S.C. § 185.

4               **TWENTIETH AFFIRMATIVE DEFENSE:**

5       21.     If Plaintiff's causes of action were converted to claims under Section 301 of

6 the Labor Management Relations Act, 29 U.S.C. § 185, they would be time-barred under

7 Del Costello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983).

8            **TWENTY-FIRST AFFIRMATIVE DEFENSE:**

9       22.     Plaintiff's allegations contained in this Complaint have been submitted to the

10 grievance procedure pursuant to the grievance mechanism of the collective bargaining

11 agreement covering Plaintiff; thus, this Court should defer to that resolution.

12           **TWENTY-SECOND AFFIRMATIVE DEFENSE:**

13       23.     Plaintiff's claims are subject to arbitration pursuant to the applicable

14 collective bargaining agreement.

15            **TWENTY-THIRD AFFIRMATIVE DEFENSE:**

16       24.     In the employment context, an implied covenant theory affords no separate

17 measure of damages. Therefore, Plaintiff has failed to state facts sufficient to constitute a

18 cause of action.

19           **TWENTY-FOURTH AFFIRMATIVE DEFENSE:**

20       25.     Any action taken by any WBTE with respect to Plaintiff was not negligent,

21 careless, unlawful, malicious, arbitrary, capricious, wanton, unwarranted, inappropriate,

22 reckless, fraudulent or oppressive and was not done with the intent to annoy, vex or harass

23 Plaintiff. Any action taken by any Defendant with respect to Plaintiff was undertaken only

24 after a proper review of Plaintiff's work performance.

25            **TWENTY-FIFTH AFFIRMATIVE DEFENSE:**

26       26.     Plaintiff's Complaint, to the extent that it seeks punitive or exemplary

27 damages based on the alleged acts of WBTE, violates WBTE's right to substantive due

28 process as provided in the Fifth and Fourteenth Amendments of the United States

1   Constitution and Article I, Section 7 of the California Constitution.  Plaintiff's Complaint,

2   therefore, fails to state a cause of action supporting the punitive or exemplary damages

3   claimed.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE:

5        27.    Plaintiff's claims are "frivolous, unreasonable, or groundless," within the

6   meaning of *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978), and

7   accordingly, WBTE should recover all costs and attorneys' fees incurred herein.  WBTE is

8   also entitled to all costs and attorneys' fees incurred herein under California Civil

9   Procedure Code Sections 128.6 and 128.7.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE:

11       28.    The Court lacks subject matter jurisdiction over all claims asserted under the

12  California Fair Employment and Housing Act, California Government Code §§ 12900 et

13  seq., in that Plaintiff has failed to satisfy the jurisdictional prerequisites for commencing a

14  suit under that act.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE:

16       29.    Some or all of Plaintiff's claims are barred for failure to exhaust

17  administrative remedies.

19       WHEREFORE, Warner Bros. Theatrical Enterprises LLC prays for judgment as

20  follows:

21       (1)    That Plaintiff's Complaint and each cause of action thereof be dismissed

22  with prejudice;

23       (2)    That Plaintiff take nothing by Plaintiff's Complaint;

24       (3)    That this answering Defendant be awarded its costs incurred herein,

25  including attorneys' fees; and

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER
9401 WILSHIRE BLVD., SUITE 828
BEVERLY HILLS, CALIFORNIA 90212
TEL (310) 288-3980 • FAX (310) 273-8680

WARNER BROS. THEATRICAL ENTERPRISES LLC'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES

1    (4)    That the Court order such other and further relief for this answering

2  Defendant as the Court may deem just and proper.

3

4  DATED: June 27, 2013          SWERDLOW FLORENCE
                                 SANCHEZ SWERDLOW & WIMMER
5

6

7                          By: _____

8                               JANET I. SWERDLOW
                                Attorneys for Defendants Warner Bros.
9                               Theatrical Enterprises LLC and
                                Warner Bros. Entertainment Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT "3"**

WARNER BROS. THEATRICAL ENTERPRISES LLC'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER
9401 WILSHIRE BLVD., SUITE 828
BEVERLY HILLS, CALIFORNIA 90212
TEL (310) 288-3980 • FAX (310) 273-8680

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER
9401 WILSHIRE BLVD., SUITE 828
BEVERLY HILLS, CALIFORNIA 90212
TEL (310) 288-3980 • FAX (310) 273-8680

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 9401 Wilshire Blvd., Suite 828, Beverly Hills, CA 90212.

On June 27, 2013, I served true copies of the following document(s) described as **WARNER BROS. THEATRICAL ENTERPRISES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Swerdlow Florence Sanchez Swerdlow & Wimmer's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 27, 2013, at Beverly Hills, California.

Scott Trimble

WARNER BROS. THEATRICAL ENTERPRISES LLC'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES

1

**SERVICE LIST**
*Jason Rosenberg v. Warner Bros Entertainment, Inc., et al.*
LASC Case No. EC060718

2

3

4  Donald E. Karpel Esq.
   Zelner & Karpel

5  9777 Wilshire Boulevard, Suite 1000
   Los Angeles, California  90212

6
       Facsimile: (310) 273-6937
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER
9401 WILSHIRE BLVD., SUITE 828
BEVERLY HILLS, CALIFORNIA 90212
TEL (310) 288-3980 • FAX (310) 273-8680

261328.2 / 3532-012

**66**

**EXHIBIT "3"**
**Page 9 of 9**

# EXHIBIT "4"

62563.2 / 1224-001

1   JANET I. SWERDLOW (State Bar No. 155396)
    E-Mail: jswerdlow@swerdlowlaw.com
2   **SWERDLOW FLORENCE**
    **SANCHEZ SWERDLOW & WIMMER**
3   A Law Corporation
    9401 Wilshire Blvd., Suite 828
4   Beverly Hills, California 90212
    Telephone: (310) 288-3980
5
    Attorneys for Defendants
6   Warner Bros. Theatrical Enterprises LLC and
    Warner Bros. Entertainment Inc.
7

**ORIGINAL FILED**

JUN 27 2013

LOS ANGELES
SUPERIOR COURT

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           COUNTY OF LOS ANGELES, NORTH CENTRAL DISTRICT

10

11  JASON ROSENBERG,                    Case No. EC060718

12          Plaintiff,                  **WARNER BROS. ENTERTAINMENT**
                                        **INC.'S ANSWER TO PLAINTIFF'S**
13      vs.                             **COMPLAINT FOR DAMAGES**

14  WARNER BROS ENTERTAINMENT,          *Assigned for All Purposes to:*
    INC., a Delaware corporation, WARNER *The Hon. David Milton, Dept. NCD*
15  BROS. THEATRICAL ENTERPRISES, a
    Delaware limited liability company; and
16  DOES 1 through 25,                  Action Filed:   May 15, 2013

17          Defendants.                 Trial Date:     None Set

18

19          Defendant, Warner Bros. Entertainment Inc. ("WBE") (incorrectly identified in the

20  Complaint as "WARNER BROS ENTERTAINMENT, INC."), for itself alone and for no

21  other Defendant, answers the unverified Complaint herein as follows:

22          1.      Pursuant to the provisions of section 431.30 of the California Code of Civil

23  Procedure, denies each and every, all and singular, allegations of said Complaint and

24  further denies that Plaintiff was damaged in the sum alleged or sums alleged or in any sum

25  or at all.

26

27

28

*(left margin, vertical text)* **SWERDLOW FLORENCE** **SANCHEZ SWERDLOW & WIMMER** 9401 WILSHIRE BLVD., SUITE 828 BEVERLY HILLS, CALIFORNIA 90212 TEL (310) 288-3980 • FAX (310) 273-8680

261802.1 / 3532-012

**67**

**EXHIBIT "4"**
**Page 1 of 8**

WARNER BROS. ENTERTAINMENT INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

1 │ AS, AND FOR ITS, AFFIRMATIVE DEFENSES TO ALL CAUSES OF ACTION

2 │ PURPORTED TO BE SET FORTH AGAINST IT IN THE COMPLAINT HEREIN,

3 │ THIS ANSWERING DEFENDANT AVERS AS FOLLOWS:

4 │

5 │ **FIRST AFFIRMATIVE DEFENSE:**

6 │ 2.   WBE never employed Plaintiff.  Rather, Plaintiff was employed by Warner

7 │ Bros. Theatrical Enterprises LLC ("WBTE").

8 │ **SECOND AFFIRMATIVE DEFENSE:**

9 │ 3.   Any and all treatment accorded Plaintiff with respect to his employment or

10 │ the termination thereof, was based on factors other than Plaintiff's religion and alleged

11 │ complaints of religion discrimination or harassment.

12 │ **THIRD AFFIRMATIVE DEFENSE:**

13 │ 4.   Any disparity, whether in treatment or impact, which existed between

14 │ Plaintiff and any similarly-situated employee with regard to terms and conditions of

15 │ employment was not based in whole or in part on Plaintiff's religion or Plaintiff's alleged

16 │ complaints of religion discrimination or harassment.

17 │ **FOURTH AFFIRMATIVE DEFENSE:**

18 │ 5.   If WBTE or WBE wrongfully terminated Plaintiff, although such is not

19 │ admitted hereby or herein, Plaintiff had a duty to mitigate damages by promptly seeking

20 │ employment elsewhere.  By the exercise of reasonable effort, Plaintiff could have obtained

21 │ employment elsewhere of substantially similar character promptly following the alleged

22 │ breach by WBTE and/or WBE, but Plaintiff failed and refused to exercise such effort and

23 │ refused to accept such employment elsewhere.

24 │ **FIFTH AFFIRMATIVE DEFENSE:**

25 │ 6.   If WBTE or WBE did subject Plaintiff to any wrongful or unlawful conduct

26 │ resulting in mental, physical or emotional harm, although such is not admitted hereby or

27 │ herein, Plaintiff had a duty to mitigate any damages Plaintiff may have suffered by seeking

28 │ medical and psychological treatment and Plaintiff has failed to do so.

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER
9401 WILSHIRE BLVD., SUITE 828
BEVERLY HILLS, CALIFORNIA 90212
TEL (310) 288-3980 • FAX (310) 273-8680

**EXHIBIT "4"**
**Page 2 of 8**

WARNER BROS. ENTERTAINMENT INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

### SIXTH AFFIRMATIVE DEFENSE:

7.     As to any claim by Plaintiff for physical, mental or emotional distress, said claim is barred, in whole or in part, by California Labor Code §§ 3200 et seq., which provides that workers' compensation is Plaintiff's exclusive remedy.

### SEVENTH AFFIRMATIVE DEFENSE:

8.     Plaintiff is not "disabled" within the meaning of the California Fair Employment and Housing Act, Cal. Gov. Code §§ 12940(a), 12926.

### EIGHTH AFFIRMATIVE DEFENSE:

9.     Plaintiff is not a "qualified individual with a disability" within the meaning of the California Fair Employment and Housing Act, Cal. Gov. Code §§ 12926(i), 12926(k), and Cal. Code. Regs. Title 2, §§ 2393.6, 2393.7.

### NINTH AFFIRMATIVE DEFENSE:

10.     Plaintiff, because of Plaintiff's alleged physical and/or mental disability, was unable to perform Plaintiff's job's essential duties even with reasonable accommodation.

### TENTH AFFIRMATIVE DEFENSE:

11.     Plaintiff's cause of action under the California Fair Employment and Housing Act, California Government Code §§ 12900 et seq., is barred by the applicable statute of limitations, specifically California Government Code §§ 12960(d) and 12965(b).

### ELEVENTH AFFIRMATIVE DEFENSE:

12.     This Court has no subject matter jurisdiction over the allegations in the Plaintiff's Complaint which are beyond the scope of the charge filed by Plaintiff with the California Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission.

### TWELFTH AFFIRMATIVE DEFENSE:

13.     If WBE's employees or any of them committed the acts alleged in the Complaint, although such is not admitted hereby or herein, such acts were committed outside the scope of employment and not by agents of WBE, and, thus, WBE is not liable for such acts.

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER
9401 WILSHIRE BLVD., SUITE 828
BEVERLY HILLS, CALIFORNIA 90212
TEL (310) 288-3980 • FAX (310) 273-8680

**EXHIBIT "4"**
**Page 3 of 8**

WARNER BROS. ENTERTAINMENT INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER
9401 WILSHIRE BLVD., SUITE 828
BEVERLY HILLS, CALIFORNIA 90212
TEL (310) 288-3980 • FAX (310) 273-8680

**THIRTEENTH AFFIRMATIVE DEFENSE:**

14.    Said causes of action, and each of them, are barred, in whole or in part, by the defense of waiver.

**FOURTEENTH AFFIRMATIVE DEFENSE:**

15.    Said causes of action, and each of them, are barred, in whole or in part, by the doctrine of unclean hands.

**FIFTEENTH AFFIRMATIVE DEFENSE:**

16.    Plaintiff's cause of action for intentional infliction of emotional distress is barred because Plaintiff has not alleged any conduct on the part of WBE that would result in WBE's liability for intentional infliction of emotional distress.

**SIXTEENTH AFFIRMATIVE DEFENSE:**

17.    Plaintiff's cause of action for intentional infliction of emotional distress fails to state facts sufficient to constitute a cause of action because all conduct upon which his claim is purportedly based was a just and proper exercise of management discretion and any such conduct was based upon personnel decisions.

**SEVENTEENTH AFFIRMATIVE DEFENSE:**

18.    To the extent Plaintiff was subjected to any unlawful retaliation, although WBTE does not admit such, WBTE and WBE exercised reasonable care to prevent and correct promptly any unlawful retaliatory behavior.

**EIGHTEENTH AFFIRMATIVE DEFENSE:**

19.    At the time the decision was made to terminate Plaintiff's employment with WBTE, the decision-makers, acting in good faith and following an investigation that was appropriate under the circumstances, had reasonable grounds for believing Plaintiff had committed the wrongful acts that caused WBTE to terminate Plaintiff.

**NINETEENTH AFFIRMATIVE DEFENSE:**

20.    All relevant alleged conduct of WBE (or its agents or employees) was a just and proper exercise of its management discretion, undertaken for a fair and honest reason, and in good faith under the circumstances then existing.

**EXHIBIT "4"**
**Page 4 of 8**

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER
9401 WILSHIRE BLVD., SUITE 828
BEVERLY HILLS, CALIFORNIA 90212
TEL (310) 288-3980 • FAX (310) 273-8680

### TWENTIETH AFFIRMATIVE DEFENSE:

21.     In the employment context, an implied covenant theory affords no separate measure of damages.  Therefore, Plaintiff has failed to state facts sufficient to constitute a cause of action.

### TWENTY-FIRST AFFIRMATIVE DEFENSE:

22.     Any action taken by WBE with respect to Plaintiff was not negligent, careless, unlawful, malicious, arbitrary, capricious, wanton, unwarranted, inappropriate, reckless, fraudulent or oppressive and was not done with the intent to annoy, vex or harass Plaintiff.  Any action taken by WBE with respect to Plaintiff was undertaken only after a proper review of Plaintiff's work performance.

### TWENTY-SECOND AFFIRMATIVE DEFENSE:

23.     Plaintiff's Complaint, to the extent that it seeks punitive or exemplary damages based on the alleged acts of WBE, violates WBE's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 7 of the California Constitution.  Plaintiff's Complaint, therefore, fails to state a cause of action supporting the punitive or exemplary damages claimed.

### TWENTY-THIRD AFFIRMATIVE DEFENSE:

24.     Plaintiff's claims are "frivolous, unreasonable, or groundless," within the meaning of *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978), and accordingly, WBE should recover all costs and attorneys' fees incurred herein.  WBE is also entitled to all costs and attorneys' fees incurred herein under California Civil Procedure Code Sections 128.6 and 128.7.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE:

25.     The Court lacks subject matter jurisdiction over all claims asserted under the California Fair Employment and Housing Act, California Government Code §§ 12900 et seq., in that Plaintiff has failed to satisfy the jurisdictional prerequisites for commencing a suit under that act.

**EXHIBIT "4"**
**Page 5 of 8**

WARNER BROS. ENTERTAINMENT INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

**TWENTY-FIFTH AFFIRMATIVE DEFENSE:**

26.     Some or all of Plaintiff's claims are barred for failure to exhaust administrative remedies.


WHEREFORE, Warner Bros. Entertainment Inc. prays for judgment as follows:

(1)     That Plaintiff's Complaint and each cause of action thereof be dismissed with prejudice;

(2)     That Plaintiff take nothing by Plaintiff's Complaint;

(3)     That this answering Defendant be awarded its costs incurred herein, including attorneys' fees; and

(4)     That the Court order such other and further relief for this answering Defendant as the Court may deem just and proper.


DATED: June 27, 2013             SWERDLOW FLORENCE
                                 SANCHEZ SWERDLOW & WIMMER


                                 By: _Janet Swerdlow_
                                        JANET I. SWERDLOW
                                 Attorneys for Defendants Warner Bros.
                                 Theatrical Enterprises LLC and
                                 Warner Bros. Entertainment Inc.

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER
9401 WILSHIRE BLVD., SUITE 828
BEVERLY HILLS, CALIFORNIA 90212
TEL (310) 288-3980 • FAX (310) 273-8680

**EXHIBIT "4"**
**Page 6 of 8**

WARNER BROS. ENTERTAINMENT INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER
9401 WILSHIRE BLVD., SUITE 828
BEVERLY HILLS, CALIFORNIA 90212
TEL (310) 288-3980 • FAX (310) 273-8680

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is 9401 Wilshire Blvd., Suite 828, Beverly Hills, CA 90212.

On June 27, 2013, I served true copies of the following document(s) described as **WARNER BROS. ENTERTAINMENT INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Swerdlow Florence Sanchez Swerdlow & Wimmer's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 27, 2013, at Beverly Hills, California.

Scott Trimble

261802.1 / 3532-012

**73**

**EXHIBIT "4"**
**Page 7 of 8**

WARNER BROS. ENTERTAINMENT INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

**SERVICE LIST**
*Jason Rosenberg v. Warner Bros Entertainment, Inc., et al.*
LASC Case No. EC060718

Donald E. Karpel Esq.
Zelner & Karpel
9777 Wilshire Boulevard, Suite 1000
Los Angeles, California  90212

Facsimile: (310) 273-6937

SWERDLOW FLORENCE
SANCHEZ SWERDLOW & WIMMER
9401 WILSHIRE BLVD., SUITE 828
BEVERLY HILLS, CALIFORNIA 90212
TEL (310) 288-3980 • FAX (310) 273-8680

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "4"**
**Page 8 of 8**

261802.1 / 3532-012                          **74**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV13- 4793 GW (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
JASON ROSENBERG

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
WARNER BROS ENTERTAINMENT, INC., a Delaware corporation, WARNER BROS. THEATRICAL ENTERPRISES, et al.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Donald E. Karpel (SBN 61678)
Zelner & Karpel
9777 Wilshire Blvd., Suite 1000
Los Angeles, CA 90212
Tel.: (310) 273-8444

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Janet I. Swerdlow, Esq. (SBN 155396)
Swerdlow Florence Sanchez Swerdlow & Wimmer
9401 Wilshire Boulevard, Suite 828
Beverly Hills, California 90212
Tel.: (310) 288-3980

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Removal of State Court action based on federal question jurisdiction (interpretation of collective bargaining agreement). 28 U.S.C section 1331, 29 U.S.C. section 185(a)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☒ 720 Labor/Mgmt. Relations | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:   Case Number:** CV13- 4793

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?   [X] NO   [ ] YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?   [X] NO   [ ] YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)    [ ]  A. Arise from the same or closely related transactions, happenings, or events; or

[ ]  B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]  C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]  D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE**: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff resides in Los Angeles County, California. | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Warner Bros. Entertainment Inc. and Warner Bros. Theatrical Enterprises LLC are located in Los Angeles County |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff's claims arose in Los Angeles County, Calfornia. | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** *Janet Swerdlow*       DATE: July 2, 2013
                                         Janet I. Swerdlow, Esq.

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

**Key to Statistical codes relating to Social Security Cases:**

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |